## FRANK R. AUSTIN *vs.* CORA B. AUSTIN.

Essex.   September 10, 1919. — October 8, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Marriage and Divorce.   Judgment.   Res Judicata.*

Upon a petition by a wife for separate support on the ground that the respondent had deserted her and that she was living apart from him for a justifiable cause, the husband's sole ground of defence was that he was justified in leaving his wife because of her cruel and abusive treatment of him, and the Probate Court made a decree, affirmed on appeal, to the effect that the husband had deserted his wife and that she was living apart from him for justifiable cause and awarding her a certain amount a week for her support.  Later the husband filed a libel for divorce, alleging cruel and abusive treatment, and the libellee set up in defence the decree in the proceedings for separate support.  The acts of cruel and abusive treatment alleged in the libel for divorce were substantially the same as those that the husband had set up in the proceedings for separate support.  *Held*, that the decree was a bar to the maintenance of the libel.

LIBEL FOR DIVORCE, filed on June 14, 1917.  The libel and the answer of the libellee are described in the opinion.

The case was tried before *Quinn*, J.  The facts in regard to the proceedings on the petition for separate support are stated in the opinion.  The stenographic report of the evidence in those proceedings was put in evidence.  The libellee contended that the decree of the Probate Court on that petition, affirmed by the Superior Court, in favor of the libellee upon the issue of her alleged cruel and abusive treatment of the libellant was an adjudication of that issue and was a bar to the maintenance of the libel.  The judge sustained the libellee's contention and ordered that the libel be dismissed.  The libellant alleged exceptions.

The case was submitted on briefs.

*S. Parsons & W. F. Craig,* for the libellant.

*E. S. Underwood,* for the libellee.

CROSBY, J.  This is a libel for divorce brought by a husband against his wife in which cruel and abusive treatment and desertion are alleged, but the only ground relied on is that of cruel and abusive treatment.  The libellant filed seven specifications of

alleged acts of cruelty. The answer and amended answer contain a general denial and allege that the libellant deserted the libellee and was cruel and abusive in his treatment of her. The amended answer also avers "that all of the matters and things relied upon by the libellant in the above entitled cause as grounds for a divorce were fully and finally adjudicated before the filing of said libel in a proceeding for separate support heretofore heard and determined in the Probate Court for said County of Essex and upon appeal by a decree of this Court."

In February, 1914, the libellee filed in the Probate Court for the county of Essex a petition for separate support against the libellant, alleging that on or about January 5, 1914, and on or about February 3, 1914, he was cruel and abusive in his treatment of her, and that on the last named date he deserted her. After hearing upon this petition a decree was entered in the Probate Court to the effect that the husband had deserted his wife and that she was, for justifiable cause, actually living apart from him; and it provided that he should pay $12 a week for her support. Upon appeal to the Superior Court this decree was affirmed.

At the hearing of the libel, the libellee introduced in evidence the entire stenographic record of the testimony introduced in the Probate Court at the hearing on the petition for separate support, the material portions of which are printed in the record. The last act of cruel and abusive treatment relied on by the libellant is alleged to have occurred on February 3, 1914, when, he testified, his wife struck and kicked him and that immediately thereafter he left her because he was afraid of physical injury. The parties have never lived together since, and later in the same month the petition for separate support was filed. The judge of the Superior Court before whom the libel was heard ordered it dismissed, and the libellant excepted.

The petition in the proceeding for separate support alleged that the respondent had deserted the petitioner and that she was living apart from him for a justifiable cause; the respondent contended that he left his wife because she had assaulted and threatened him and that he was afraid to live with her. In other words, he contended that he was justified in leaving his wife and living apart from her because of her cruel and abusive treatment of him.

The Probate Court had jurisdiction of the case, and its decree

is binding and conclusive upon the parties in this suit in regard to all matters which were put in issue or which are shown to have been necessarily involved in the former suit and actually tried and determined by it. *Miller* v. *Miller*, 150 Mass. 111. *Watts* v. *Watts*, 160 Mass. 464. *Harrington* v. *Harrington*, 189 Mass. 281. It plainly appears by the pleadings and reported evidence that the issue whether the libellant had been cruelly and abusively treated by the libellee was necessarily involved and was actually tried and determined in the Probate Court. That the husband was justified in leaving his wife because of her cruel and abusive treatment was his sole ground of defence in the proceeding for separate support. The decree of the Probate Court in favor of the wife conclusively shows that the court found either that the matters charged did not justify his leaving her, or that they were not proven, or that he had lived with her after the acts complained of and therefore they had been condoned by him. The alleged acts of cruel and abusive treatment upon which the respondent in the probate proceeding relied, and which were adjudicated, are substantially the same as those specified and testified to in the present suit.

The decree of the Probate Court is a bar to the maintenance of the libel.

*Exceptions overruled.*