NATHAN A. GIFFORD *vs.* BERNICE T. GIFFORD.

Middlesex.    January 9, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Husband and Wife. Evidence,* Competency. *Probate Court,* Separate maintenance proceedings, Amendment.

At the hearing of a petition by a husband for an annulment or a modification of a decree entered under R. L. c. 153, § 33, adjudging that his wife was living apart from him for justifiable cause, enjoining him from imposing any restraint upon her personal liberty and ordering him to make certain payments for her support, the husband is entitled to show that he is able and willing to provide a home for his wife, that he had offered to do so, that he had removed the cause of the separation, and that his circumstances and those of his wife were so altered since the entry of the original decree that he was unable to comply with its terms.

At the hearing above described, the petitioner offered in evidence a letter from himself to his wife in which, among other things, he in substance requested her to live with him, stated that they could live together comfortably on what he had, asked her if, for reasons therein stated, she would not consider his offer and if she would agree to a reduction in his weekly payments to her. The letter was excluded. *Held,* that, irrespective of the weight to be given to the evidence, it was not objectionable as self-serving, was material on the question of the petitioner's intent or mental purpose, and was admissible.

PETITION, filed in the Probate Court for the county of Middlesex on June 30, 1921, by a husband against his wife, praying that a decree, entered on November 17, 1915, on petition of the wife, adjudging that she was living apart from her husband for justifiable cause, enjoining him from imposing any restraint on her personal liberty and ordering him to pay to her for her support $20 forthwith and $6 each week, "be annulled or modified as to the amount of the allowance."

The grounds stated by the petitioner were that he was "a man of limited wages," and the following:

"First.  Your petitioner had at the time he refused to live with said Bernice T. Gifford good and lawful cause for his refusal so to do but the merits of this question were not gone into and properly adjudicated at the hearing when said decree was made and granted.

"Second.  Since the granting of said decree your petitioner has become under moral if not legal obligation to contribute toward the support of his mother and does so contribute toward her support.

"Third.  Your petitioner is informed and believes and therefore avers that since the granting of said decree the said Bernice T. Gifford has inherited money or property from relatives which has materially improved and changed her financial circumstances.

"Fourth.  That since the granting of said decree the earning capacity of the said Bernice T. Gifford has become as great if not greater than that of your petitioner and does earn as much if not more than your petitioner and the said Bernice T. Gifford now lives in a manner far beyond the means of your petitioner including extravagant expenditures in social frivolities and the ownership and maintenance of an automobile.

"Fifth.  Some months ago your petitioner offered to provide said Bernice T. Gifford with the best home with him which his means would maintain but the said Bernice T. Gifford without just and lawful cause refused said offer."

The petition was heard by *Leggat,* J.  The petitioner moved to amend his petition by adding the following: "Petitioner, Nathan A. Gifford, further sets forth that the cause why he refused to live with his wife is that living at Northampton instead of Somerville would have given him more leisure time and more time at home and would have been less expense, but the respondent, Mrs. Gifford, refused to remove to Northampton."  The motion was denied.

The judge refused to go forward with the hearing until arrears due from the petitioner under the decree in favor of his wife were paid.  The money was paid in open court, and the hearing proceeded, a stenographer having been appointed under G. L. c. 215, § 18, to take the testimony.

The letter from the petitioner to his wife, referred to in the opinion, was dated April 18, 1921, and was as follows: "My Dear Mrs. Gifford   No doubt you will be surprised to hear from me but

I hope time may have effected your ideas and opinions as much as it has mine. I am sorry to say that my run was some time ago changed which means about ($14.00) less pay a week and we are also in for a cut in wages. And I have to help my mother some each week also so you can see I am unable to go on as I am and keep square with the world. Now keeping house would be more economical than these separate living expenses and I simply cannot keep even as I am now situated. We could living comfortably on what I have if we kept house and lived as man and wife should. Will you not consider this step? And if not will you not agree to a reduction in my weekly payments to you so that I can get by. If I should get into to much debt and have my wages trusteed it might mean the loss of my job and then you would get nothing at all as jobs are now scarce. I hope you will see the justice of this request and that it is in the interests of us both that you grant it, unless you just wish to make me trouble and I will not believe this of you yet. I am registering this letter because I will not believe that you will not meet me half way until I am sure that you get the letter. I am of course glad to know that you are so prosperous and trust you will try to do what will prove for our mutual benefit. Yours Sincerely, Nathan A. Gifford."

Other material evidence and rulings by the trial judge are described in the opinion. By order of the judge a decree was entered dismissing the petition. The petitioner appealed.

The case was submitted on briefs.

*R. T. Anthony*, for the petitioner.

*J. F. O'Connell, J. E. O'Connell & D. T. O'Connell*, for the respondent.

CROSBY, J. A decree on a petition brought under R. L. c. 153, § 33, was entered in the Probate Court on November 11, 1915, ordering Nathan A. Gifford to pay to Bernice T. Gifford $20 forthwith and the sum of $6 per week thereafter until the further order of the court. On June 30, 1921, Nathan filed in the Probate Court his petition, praying that the decree above referred to be annulled, or modified on various grounds as to the amount of the allowance; a hearing was had and the petition was dismissed; the petitioner Nathan A. Gifford appealed.

At the hearing he was asked by his counsel: "Did you some time during the past year or so and before you filed this petition,

make your wife an offer to provide a home for her with you and
live with her?" This question was excluded subject to the ob-
jection of the petitioner; he then offered a letter dated April 18,
1921, which purported to have been sent by him to his wife, and
in which, among other things, he in substance requested her to
live with him, stated that they could live together comfortably on
what he had, asked her if for reasons therein stated, she would not
consider his offer and if she would agree to a reduction in his weekly
payments to her. This letter was excluded subject to his objection,
the judge stating that he would save his rights. His counsel also
asked him the following question: "Are you now, Mr. Gifford,
able and willing to provide a home for your wife . . . in accord-
ance with your means?" This question was excluded, the judge
stating that he would save the petitioner's rights.

The statute, R. L. c. 153, § 33, under which the original decree
in favor of the wife was entered, authorized the court to revise
and alter it "or make a new order or decree, as the circumstances
of the parents or the benefit of the children may require." The
husband was empowered under the statute to bring a petition for
an annulment or modification of the decree. As was said in
*Barney* v. *Tourtellotte*, 138 Mass. 106, at pages 108, 109: "A
decree under this statute has not the elements of a judicial separa-
tion. It does not suspend the marriage status; . . . it does not
authorize the wife to live permanently apart from her husband,
nor establish a relation which she has a right to maintain until
she consents to change it; if her husband removes the cause of the
separation, it would be her duty to return to him, and it would
be the duty of the court to revoke its decree." *Doole* v. *Doole*,
144 Mass. 278. *Kerr* v. *Kerr*, 236 Mass. 353.

We are of opinion that the husband was entitled to show that
he was able and willing to provide a home for his wife, that he
had offered to do so, and that he had removed the cause of the
separation. He was also entitled to show that his circumstances
and those of his wife were so altered since the entry of the original
decree in 1915 that he was unable to comply with its terms. Of
course the original decree is conclusive and binding upon the
parties respecting all matters which were in issue or were necessarily
involved and actually tried and determined by it, until modified or
reversed. *Austin* v. *Austin*, 233 Mass. 528. We think that the

testimony excluded should have been admitted as it bore directly upon the issue involved; the question, whether the husband's offer to provide a home for his wife if she returned to him was made in good faith, was for the court. The letter was not inadmissible as a self-serving statement, but contained an offer to support his wife if she would live with him; that was a material issue. If he had made the same offer to her verbally under such circumstances and it was not a private conversation between husband and wife, G. L. c. 233, § 20, it would have been competent. Whether the statement was in writing or was made orally, it was admissible to determine his intent or mental purpose. If his acts and conduct were shown to be wholly inconsistent with such intent, the evidence of his intent would obtain little or no credit. *Sherman* v. *Sherman*, 193 Mass. 400. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322.

If we assume that it was necessary for him to show that the original decree had been fully complied with before he was entitled to be heard on the pending petition, it appears that there was such compliance during the hearing.

We are of opinion that the ruling excluding the evidence was error, and that a new trial should be granted.

The question whether the husband's motion to amend his petition should have been allowed was within the discretion of the judge.

The decree is to be reversed and a new trial granted.

*Ordered accordingly.*