GEORGE W. I. WILLIAMSON *vs.* MINNIE WILLIAMSON.

Plymouth. March 23, 1923. — September 14, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Probate Court*, Jurisdiction. *Husband and Wife*, Separate maintenance. *Judgment.*

While a decree of the Probate Court awarding separate maintenance to a wife under G. L. c. 209, § 32, cannot be attacked collaterally and, until changed, is binding upon the parties, arrearages in payments thereunder are not strictly speaking a judgment debt, and the Probate Court has jurisdiction and power, upon a petition filed two years after the original decree, to

modify the original decree by adjudging that a less amount was due to the wife by reason of such arrearages than would have been due under the original decree.

PETITION, filed in the Probate Court for the County of Plymouth on February 10, 1922, for modification of a decree of that court dated January 26, 1920, ordering the petitioner to pay to his wife, Minnie Williamson, the sum of $6.50 each week, together with the further sum of $20 for costs and expenses; and for the discharge of the attachment made in the original proceedings.

The petition was heard by *Hitch*, J. Material evidence is described in the opinion. By order of the judge, a decree was entered (1) that the payments in arrears under the original decree be reduced to $350; (2) that the petitioner be required to make no further payments to his wife, except the $20 for expenses; and (3) that, upon the payments of the sums of $350 and $20, an attachment authorized in the original petition be dissolved. The respondent appealed.

The case was submitted on briefs.

*F. J. Geogan*, for the respondent.

*E. H. Fletcher & H. K. Stone*, for the petitioner.

RUGG, C.J. A decree was entered in the Probate Court on separate support proceedings by the wife against the husband in January, 1920, to the effect that she was living apart for justifiable cause and ordering the husband to pay her $6.50 each week beginning in February, 1920, and $20 additional for costs and expenses. Two years later the husband brought a petition for modification or amendment of that decree. It is alleged in that petition that the husband has not made payments as decreed, and that the husband was in the naval service of the United States during the great war and in consequence of injuries therein received he has been utterly disabled since the entry of the January, 1920, decree. After hearing, the Probate Court found that since the January, 1920, decree the wife had received in money $213.30 as her share of a government allotment to the husband, and since March, 1920, has received and is now receiving $27 per month from the government as an allowance

on account of her husband. A decree was entered that the January, 1920, decree be modified and amended by reducing the total sum of payments now in arrears to $350, and that the husband make no further payments, and that the order for payment of $20 expenses stand, and that upon payment of $350 and $20 by the husband to the wife the, attachment on the original petition be dissolved, and that the decree was made on the assumption that the allowance by the government to the wife will continue.

The appeal of the wife brings the case here.

The probate judge manifestly proceeded in reaching his conclusions upon broad equitable and humane considerations. He regarded the allowances made to the wife by the government as in part an extinguishment of the husband's obligation under the earlier decree to contribute to the support of his wife. While these allowances were not technically a payment by the husband in settlement of the decree, on principles of fair dealing between husband and wife they were entitled to consideration.

The question is, whether the Probate Court had power to enter the decree. Stated more specifically, the question is, whether a decree awarding payments by a husband to a wife in way of separate maintenance is final and conclusive as to all past due payments, and thus beyond the power of the court to modify or change. *White* v. *Gove*, 183 Mass. 333, 340. *Martell* v. *Dorey*, 235 Mass. 35, 39.

Proceedings for separate maintenance, so far as they concern payments ordered to be made by a husband to his wife, in general conform to those respecting alimony in libels for divorce. G. L. c. 209, §§ 32, 33; c. 208, §§ 34, 35. By said § 32 it is expressly provided that " the court may make further orders relative to the support of the wife . . . and may, from time to time, . . . revise and alter such order or make a new order or decree . . . ." The case of *Knapp* v. *Knapp*, 134 Mass. 353, presented the question whether arrears of alimony due to the wife from the husband before his death pursuant to decree in a divorce libel could be collected in full from the estate of the husband. It was there held, after reviewing other decisions, that, although

amounts already due under such decree were in the nature of debts, they were not absolute debts and hence not an inflexible liability of his estate. The conclusion reached was that " From the peculiar nature of a decree for alimony, and the right and power in the court to revise and alter it at any time, execution is not necessarily to issue for the full amount of arrears of alimony found to have been due and unpaid at the time of the death of the defendant's testator; but it is in the discretion of the court, on the facts that may be proved, to determine for what sum, if for anything, the decree for alimony shall be enforced by an execution against his estate." The facts in *McIlroy* v. *McIlroy,* 208 Mass. 458, were that a wife in a proceeding under the statute for separate maintenance had obtained a decree for payment to her for support by the husband of a certain sum monthly; that after a period of separation the two resumed cohabitation for a considerable time, ending with final desertion by the husband which continued until his death some years later. It was held that a decree substantially reducing from their face value the arrears to be paid should be affirmed. This decision was reached on the ground that such arrears were in some aspects a debt of record established by a judgment, that they were not, strictly speaking, a debt within the legal meaning of that word, but could be reduced by the court as required by justice upon consideration of any change in the condition of the parties or of any occurrences subsequent to the making of the earlier order or decree.

These decisions are decisive of the case at bar. The circumstance that in them the husband had died, while he is living in the case at bar, is an immaterial difference in no particular affecting the substantial rights of the parties. The binding authority of these decisions is not in any respect inconsistent with *Chase* v. *Chase,* 105 Mass. 385; *Shepherd* v. *Shepherd,* 196 Mass. 179; *Purdon* v. *Blinn,* 192 Mass. 387, and *Hill* v. *Hill,* 196 Mass. 509, which determined that the wife under such a decree is in a certain sense a creditor entitled to the rights of a creditor and the holder of an obligation describable in some of its aspects as a debt. Manifestly, it is not strictly speaking a debt.  *H. G. Kilbourne Co.*

v. *Standard Stamp Affixer Co.* 216 Mass. 118, 121, 122.    The case at bar is distinguishable also from *Page* v. *Page,* 189 Mass. 85; *Wells* v. *Wells,* 209 Mass. 282, 288; *White* v. *White,* 233 Mass. 39, where questions arose touching the nature of decrees of courts of sister States.    See *Sistare* v. *Sistare,* 218 U. S. 1.    In *Churchill* v. *Churchill,* 239 Mass. 443, the point to be decided was the finality of an order for purposes of appeal to this court..    What there was said at pages 445, 446, related to that point, which alone was before the court. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 545.

The original decree of the Probate Court was binding upon the parties until changed.    It could not be attacked collaterally and was, so long as it stood, *res judicata* as to all issues involved in that proceeding.    *Miller* v. *Miller,* 150 Mass. 111.    *Austin* v. *Austin,* 233 Mass. 528.    But the principle of these decisions does not prevent the Probate Court itself on proper petition from changing its former order even as to arrears of allowances under the terms of G. L. c. 209, § 32.

The conclusion here reached is in harmony with *Gifford* v. *Gifford,* 244 Mass. 302, and *Hewett* v. *Hewett,* 44 R. I. 308.

*Decree affirmed.*