ELLEN N. OWEN *vs.* ALBERT S. OWEN.

Middlesex.    March 12, 1928. — May 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Husband and Wife,* Separate maintenance.  *Probate Court,* Jurisdiction, Decree, Appeal.

Where, after hearing a petition by a wife against her husband for separate maintenance under G. L. c. 209, § 32, a judge of a probate court found that the petitioner was living apart from the respondent for justifiable cause, but made no finding as to her ability to support herself except that she was paying a certain amount for board and lodging, it could not be said that a decree for the petitioner, ordering the respondent to pay her forthwith a certain sum as counsel fees and to pay her each month thereafter a sum which was substantially sixty per cent of his average net income, was not entered in the exercise of sound discretion by the judge; and the decree must be affirmed upon an appeal therefrom by the respondent.

If, after the entry of the decree above described, a change in circumstances rendered the decree unjust, relief must be sought by the respondent in the probate court and not in this court on appeal.

PETITION, filed in the Probate Court for the county of Middlesex on August 24, 1927, for separate maintenance under G. L. c. 209, § 32.

The petition was heard by *Harris, J.* Material facts reported by the judge under G. L. c. 215, § 11, and a decree for the petitioner entered by his order are set forth in the opinion.  The respondent appealed.

*G. L. Wilson,* for the respondent.

*A. W. Hoe,* for the petitioner.

PIERCE, J.  This is a petition for separate maintenance under G. L. c. 209, § 32.  The judge of the Probate Court found that the appellee was living apart from her husband for justifiable cause, and made a decree ordering him to pay her $100 forthwith as counsel fees and the further sum of $125 a month for her support and maintenance.  From this decree the appellant appealed and on request the judge made a report of his findings to this court.  G. L. c. 215, § 11.

The appellant testified that he is a physician and surgeon; that his professional income since 1922 and including eleven months of 1927 approximated an average of $5,230 annually, with an additional amount of $200 or $300 per year for office calls, of which no record was kept by him; that his office expenses averaged $2,615; that he paid $80 per month for his board and lodging, $150 for care of clothes, $260 for lodge dues and taxes; and that he had paid his wife $100 a month during a six months' period of voluntary separation and $15 a week since. He states in his brief that "she [his wife] is in fact living apart with his knowledge and consent, and is therefore entitled to necessary support from him." The claim of the appellant is that the amount allowed, $1,500 per year, is substantially $30 per week, and substantially sixty per cent of his net income of $2,600, and is larger than the facts reported warranted. The evidence is not reported and other than the finding that "the petitioner is now living in Framingham and is paying about twelve dollars a week for board and lodging," there are no facts reported which would enable this court to determine whether the appellee was or was not able to support herself in whole or in part; and so far as the report discloses there is nothing to show that the order was not made in the exercise of sound discretion, having regard to the reasonable needs of the appellee and to the ability of the appellant to obey the order.

The appellant, however, seeks to have the order modified in this court because, as he alleges in his brief, certain facts have occurred since the hearing in the Probate Court. These facts as alleged are (1) "That after that hearing the appellant turned over to the appellee Roxy Theatres stock of the cash value of $1,500"; (2) "That the appellant has since paid $100 counsel fees to the appellee's counsel, as ordered by the probate judge at that time"; and (3) "That the appellant has since the hearing paid the appellee monthly support at the rate of $20 per week, which has been paid by him and received by her without prejudice to either side." The Probate Court, under G. L. c. 209, § 32, has authority to revise and alter any order in reference to the support of a wife living apart from her husband for justifiable cause when-

ever the circumstances of their lives require.    In the present case, if the order is. not just by reason of changed circumstances and conditions, relief must be sought in an application to the Probate Court for a modification or discharge of the standing order.

Since there is no error as between the parties hereto by the decree appealed from, let the entry be

*Decree affirmed.*