RAYMOND H. SLAVINSKY *vs.* JOSEPHINE M. SLAVINSKY.

Middlesex.    April 5, 1934. — June 4, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Marriage and Divorce.   Husband and Wife.   Probate Court,* Findings by
    judge, Decree, Divorce proceedings, Separate maintenance proceed-
    ings.

While a decree of a probate court in proceedings by a wife for separate
    maintenance under G. L. (Ter. Ed.) c. 209, § 32, adjudging that she is
    living apart from her husband for justifiable cause and making certain
    orders accordingly, cannot be attacked collaterally and is conclusive
    upon the parties as to all matters in issue in the proceedings, such a
    decree does not create a new status of the parties but makes an adjudi-
    cation concerning a situation which may be temporary only; and at a
    subsequent time a court of competent jurisdiction, upon issues properly
    raised, has power to determine whether that situation still exists.
It *was stated* that the power of a probate court under G. L. (Ter. Ed.)
    c. 209, § 32, to revise a decree or order in proceedings for separate
    maintenance, or to enter a new decree or order, gives the court power
    to adjudicate, at subsequent times, the question whether the parties
    continue to live apart for justifiable cause.
Upon appeal by the libellee from a decree *nisi* on a libel filed in a pro-
    bate court by a husband on November 9, 1933, for divorce on the
    ground that his wife deserted him on or about October 31, 1930,
    the judge of probate, in a report of material facts, stated merely
    that the wife previously had brought proceedings for separate main-
    tenance, specifying failure to support and cruel and abusive treat-
    ment; that on October 9, 1930, a decree had been entered in such
    proceedings adjudging that she was living apart from the husband
    for justifiable cause and making certain orders accordingly; that
    there was testimony that the husband, on or about October 31, 1930,
    requested the wife to live with him again and promised to provide
    a home for her, stating to her that he was willing and able to do so,
    but that she then refused to live with him; that the husband's offer
    to the wife was made in good faith; and that he was then willing
    and able to do what he offered to do.   The report did not contain
    any finding as to what was the justifiable cause for the wife's living
    apart, on which the decree of October 9, 1930, was founded, or any
    specific finding as to whether the situation which was the basis of that
    decree had ceased to exist.   *Held,* that
        (1) While there was no legal incompatibility between the decree
    *nisi* and the decree of October 9, 1930, if the situation forming the basis
    of the earlier decree had ceased to exist at the time of the alleged deser-

tion by the wife about three weeks later, the issue of fact, whether such situation had ceased to exist at that time, was raised in the divorce proceedings and was material on the question of the husband's right to a decree therein;

(2) Since cruel and abusive treatment might have been the ground for the earlier decree, such material issue of fact was not determined by the statements in the judge's report concerning the husband's offer to the wife to live with her and to provide a home;

(3) It could not be said that the wife deserted the husband on or about October 31, 1930, if at that time the situation justifying her in living apart from him still continued;

(4) The facts reported did not warrant the entry of the decree *nisi*, and it must be reversed.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on November 9, 1933.

The libel was heard by *Monahan*, J., by whose order a decree *nisi* was entered. The libellee appealed. Material facts reported by the judge are stated in the opinion.

*P. J. Delaney*, (*R. T. Delaney* with him,) for the libellee.
*M. Palais*, for the libellant.

RUGG, C.J. This libel comes before us on appeal by the libellee from a decree granting the divorce and giving the care and custody of the minor child of the parties to the libellee. There is a report of material facts found by the probate judge. G. L. (Ter. Ed.) c. 215, §§ 9, 11, 12. *Drew* v. *Drew*, 250 Mass. 41. The evidence is not reported. This libel was brought on November 9, 1933, by the husband against his wife on the ground that she deserted him on or about October 31, 1930. Prior to the filing of the libel, the wife brought separate support proceedings against the husband. The allegations of that petition were that the husband failed without just cause to support her, and had deserted her, and that she was living apart from him for justifiable cause, with the following specifications: "Cruel and abusive treatment. Neglect to furnish a home for your petitioner and minor child." On October 9, 1930, decree was entered adjudging that she was actually living apart from him for justifiable cause. The grounds for that decree were not set out in further detail in the record in that case. Certain payments for her support were ordered to be made by him. Those payments have been made.

The probate judge filed a report of material facts pursuant to request of the libellee under G. L. (Ter. Ed.) c. 215, § 11. After reciting the facts already narrated, he stated that upon the trial of the present libel (which was uncontested by the libellee although an appearance and answer were filed in her behalf), the libellant testified that on or about October 31, 1930, accompanied by his sister he met his wife by appointment; "that in the presence of his sister, the libellant talked with his wife and requested her to return and live with him again and promised to provide a home for her and their child; the libellant stated that he was willing and able to provide this home for them; the libellee stated to him that she would not live with him again, because she had some one else who was better than he. The libellant's sister testified corroborating the testimony of the libellant. It also appeared at the hearing that the court inquired about the support and custody of the minor child, and counsel for the libellant informed the court that the wife had the custody of the minor child and that the libellant would waive his right thereto, but would continue to make the payments for its support. I found that the offer made on October 31, 1930, by the libellant to provide a home and to return and live with his wife was made in good faith. I found that the libellant was willing and able to properly care for his wife and child. I entered a decree *nisi*." These are all the facts reported.

The decree of the Probate Court in the petition for separate support by the wife, declaring that she was living apart from him for justifiable cause, cannot be attacked collaterally and is binding and conclusive upon the parties to this proceeding as to all matters which were put in issue or necessarily involved in that proceeding. G. L. (Ter. Ed.) c. 209, § 32. *Miller* v. *Miller*, 150 Mass. 111. *Watts* v. *Watts*, 160 Mass. 464. *Austin* v. *Austin*, 233 Mass. 528. *Williamson* v. *Williamson*, 246 Mass. 270, 274. That principle is not precisely applicable to the case at bar because the cause for divorce alleged in the present libel occurred twenty-two days later than the decree in the separate sup-

port petition. In *Barney* v. *Tourtellotte*, 138 Mass. 106, in discussing this statute for separate maintenance founded on a living apart by the wife from her husband for justifiable cause, it was said: "It does not give the Probate Court the right to decree a judicial separation, and thus to create a new status of the parties. The only judicial separation known to our laws was that created by a divorce *a mensa et thoro* under our old practice. Such a divorce suspended the marriage status, and created a new relation between the parties of a fixed and permanent character, which could only be terminated by the mutual consent of both parties, or by a subsequent decree making the divorce a divorce *a vinculo*. A decree under this statute has not the elements of a judicial separation. It does not suspend the marriage status; it affects to a limited extent the rights and duties of the parties, but they remain in the marriage status as before, with all the rights and duties of husband and wife, except so far as they are modified by the decree; it does not authorize the wife to live permanently apart from her husband, nor establish a relation which she has a right to maintain until she consents to change it; if her husband removes the cause of the separation, it would be her duty to return to him, and it would be the duty of the court to revoke its decree. It recognizes the fact that she is living apart from her husband, adjudicates that she has justifiable cause, and provides for her protection and support while so living; but it cannot be said to create or determine a new status of the parties within the sense in which the term status is used in the law." It was said in *Doole* v. *Doole*, 144 Mass. 278, at 279: "proceedings under this statute are designed to secure the temporary support of a wife who is separated from her husband for just cause, while the marriage relation exists and the cause for separation continues. A decree under the statute does not create a judicial separation, nor establish a permanent status for the future."

Jurisdiction over both divorce and separate maintenance is now vested in probate courts. G. L. (Ter. Ed.) c. 208, § 6; c. 209, § 32. While there is an apparent inconsistency between the two decrees of that court respecting these

parties, the one on the petition of the wife for separate support, and the other on the libel of the husband for divorce from his wife on the ground of her desertion, it cannot rightly be said that there is legal incompatibility between the two. Power is expressly conferred upon the court by G. L. (Ter. Ed.) c. 209, § 32, from time to time to revise and alter its order or decree, or to make a new order or decree as circumstances may require. This power is frequently exercised in modification of the amount to be paid by the husband for the support of the wife. *McIlroy* v. *McIlroy*, 208 Mass. 458. *Gifford* v. *Gifford*, 244 Mass. 302. *Williamson* v. *Williamson*, 246 Mass. 270. But it applies equally to the continuance of the living apart for justifiable cause. It would have been a proper and seemly course for the libellant to have taken steps thus open to him to seek to procure a revision of the decree for separate maintenance before undertaking with such dexterous haste to lay the foundation for a divorce from his wife on the ground of her desertion. But it was not on this record essential that he pursue that course.

A libel for divorce is a proceeding different in nature from a petition for separate maintenance. Since a decree on a petition for separate support does not create a status but adjudicates concerning that which may be a temporary situation; a court of competent jurisdiction has power to determine upon issues properly raised whether that situation in fact exists at a later date. That issue was raised on the present libel. *Harrington* v. *Harrington*, 189 Mass. 281, 283. However strange it may be, it is not legally impossible that the facts which formed the basis of the decree of October 9, 1930, for separate support in favor of the wife, may have changed so as to be no longer applicable to the relations of the parties on the thirty-first of that same month. Whether there had been such sudden alteration in the matrimonial conditions was necessarily involved in the consideration of the issues here raised. The findings of fact do not touch this essential issue.

The findings of fact made by the trial judge are not sufficient to support the decree *nisi*. While there is some recital

of testimony, there is no finding that the facts conformed to this evidence. There is no finding as to what was the justifiable cause on which the decree of October 9, 1930, was founded. That cause was relevant and important to the issues here raised. It was a proper subject for a finding of fact. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 49. There is no finding that the conditions on which that decree was based had ceased to exist or did not continue to be operative. We cannot know whether that decree was based on cruel and abusive treatment or on neglect to provide a home for the wife and child, or on both. If it was in truth granted on the ground of cruel and abusive treatment, manifestly the offer of the husband to furnish a home and live with his wife would be unavailing regardless of his "good faith" without proof that the wife, if she accepted his offer, would be free from reasonable apprehension for her bodily safety and was otherwise required to accept the offer. *Johnson* v. *Johnson*, 125 Ill. 510, 519. In any event, a wife cannot desert her husband while she is living apart from him for a justifiable cause. This is especially true of a cause found by a court of competent jurisdiction to be justifiable and still operative during an essential part of the period of alleged desertion. A separation which is sanctioned by a court of competent jurisdiction is not unlawful and is not a violation of matrimonial duty. It cannot be a ground for divorce against a spouse rightly acting under it. *Weld* v. *Weld*, 27 Minn. 330. *Taylor* v. *Taylor*, 72 N. H. 597. Cases like *Williams* v. *Williams*, 33 Ariz. 367, and *Boger* v. *Boger*, 86 W. Va. 590, are inapplicable because based upon divorce *a mensa et thoro*, which, as already pointed out, is quite different in force and effect from a decree for separate maintenance under our statutes.

It follows that the material facts found and reported are insufficient to establish desertion in the circumstances here disclosed.

*Decree nisi reversed.*