HENRY A. ROSA *vs.* ELLEN M. F. ROSA.

Bristol.    October 26, 1936. — December 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Marriage and Divorce,* Separate maintenance, Jurisdiction, Foreign divorce. *Jurisdiction,* Divorce proceedings. *Probate Court,* Decree.

A foreign divorce valid here entitles the husband to be discharged from liability for such payments as at the time of the divorce had not become due under a previous decree by a probate court here for separate maintenance.

A probate court has power under G. L. (Ter. Ed.) c. 209, § 32, to terminate a decree for separate maintenance for adequate cause arising after it was entered.

A divorce granted in another State, for a cause which was a valid ground for divorce there but not in this Commonwealth, to a libellant there domiciled, though formerly domiciled here, in proceedings in which the libellee, though resident here, had appeared generally and had contested, was valid here under G. L. (Ter. Ed.) c. 208, § 39, it appearing that the libellant had not changed his domicil for the purpose of obtaining a divorce.

PETITION, filed in the Probate Court for the county of Bristol on July 31, 1936, to terminate a decree for separate maintenance.

The petition was heard by *Hitch,* J., and a decree was entered for the petitioner. The respondent appealed.

*A. E. Seagrave,* (*A. E. Beaulieu* with him,) for the respondent.

*C. N. Serpa,* (*M. Levy* of Rhode Island, with him,) for the petitioner.

·FIELD, J. The Probate Court for the county of Bristol on December 18, 1908, on the petition of Ellen M. F. Rosa

of Fall River, entered a decree against her husband, Henry A. Rosa, for her separate support until the further order of the court. On March 14, 1919, a decree was entered modifying the earlier decree in respect to the amounts to be paid by the husband. Henry A. Rosa thereafter petitioned for the termination of the decree for separate support and on September 11, 1936, a decree was entered in said court reciting that "a final decree of divorce was entered in the Superior Court of the State of Rhode Island, on July 15, 1936, and . . . the said Henry A. Rosa and the said Ellen M. F. Rosa are no longer husband and wife," and decreeing that "said decree of this court of December 18, 1908, as modified by decree of March 14, 1919, be terminated." Ellen M. F. Rosa appealed. The judge made a report of material facts but the evidence is not reported.

There was no error.

The power conferred by G. L. (Ter. Ed.) c. 209, § 32, on a probate court entering a decree for the separate support of a wife to "make further orders relative to the support of the wife and . . . from time to time . . . [to] revise and alter such order or make a new order or decree" extends to the termination of the decree on an adequate ground arising after such decree was entered. *Gifford* v. *Gifford*, 244 Mass. 302, 305. *Williamson* v. *Williamson*, 246 Mass. 270. Proceedings for separate support "are designed to secure the temporary support of a wife . . . while the marriage relation exists and the cause for separation continues." *Doole* v. *Doole*, 144 Mass. 278, 279–280. See also *Barney* v. *Tourtellotte*, 138 Mass. 106, 108–109; *Slavinsky* v. *Slavinsky*, 287 Mass. 28, 31. Separate support is dependent on the existence of the marriage relation. Termination of that relation by a divorce decreed in another jurisdiction, valid and effectual in this Commonwealth, entitles the husband to be discharged from his liability for payments, under the decree for separate support, which had not become due at the time of the divorce. See *Bloedorn* v. *Bloedorn*, 76 Fed. (2d) 812, 814. We need not inquire whether a divorce discharges the husband from such a liability without a decree to that effect (see

*Harrison* v. *Harrison,* 20 Ala. 629, 649; *McCullough* v. *McCullough,* 203 Mich. 288, 294–295; see also *McIlroy* v. *McIlroy,* 208 Mass. 458, 463–464; *Maloof* v. *Abdallah,* 218 Mass. 21, 23) for, even if it does, a decree recognizing the effect of the divorce by terminating, as to amounts not already due, the decree for separate support would not be improper.

On the findings of the probate judge the marriage relation between the parties was terminated by a divorce decreed in Rhode Island, valid and effectual in this Commonwealth. An interlocutory decree of divorce was entered in the Superior Court of Rhode Island on January 14, 1936, and a final decree on July 15, 1936. The probate judge found "that the relation of husband and wife ceased on the entry of said final decree of divorce on July 15, 1936." The specific facts stated are not inconsistent with this conclusion. See *Columbian Insecticide Co. of Boston* v. *Driscoll,* 271 Mass. 74, 77. The judge found that "the proceedings in the divorce case were regular and in accordance with the law of Rhode Island." The statutes of that State authorized the entry of "a decree divorcing the parties from the bond of marriage" if they had "lived separate and apart from each other for the space of at least ten years." General Laws of Rhode Island (1923), c. 291, § 3. The divorce was granted on this ground, the court granting it having found that the parties had lived separate and apart for twenty-six years.

The judge found further that the domicil of Henry A. Rosa "has been in Portsmouth, Rhode Island, since November, 1932," and the subsidiary findings, which need not be discussed in detail, are consistent with this finding. Henry A. Rosa, though previously domiciled in Fall River, according to the findings of the judge, "in the latter part of 1932 . . . made his permanent home" in Portsmouth, Rhode Island, and "when he moved to Portsmouth he did not do so for the purpose of obtaining a divorce but with the intention of making his permanent domicil there." Fact and intent concurred. See *Ness* v. *Commissioner of Corporations & Taxation,* 279 Mass. 369, 372. The judge found that

a "citation was issued to and served upon Ellen M. F. Rosa by delivery to her personally in Provincetown, in the State of Massachusetts, on August 26, 1935, all in accordance with the laws of Rhode Island and the direction in the order of notice," that she "by her [former] attorneys, entered a general appearance in the case," that "both parties personally appeared and were heard," that "Mrs. Rosa submitted to the jurisdiction of the Rhode Island court," and that "she appeared and contested the petition for divorce."

The facts that the husband was domiciled in Rhode Island and that the wife appeared personally and contested her husband's petition for divorce in that State, submitting herself to the jurisdiction of the Rhode Island court, gave that court jurisdiction of the cause and of both the parties. *Harding* v. *Townsend*, 280 Mass. 256, 262. *Haddock* v. *Haddock*, 201 U. S. 562, 570. Am. Law Inst. Restatement: Conflict of Laws, § 113 (a) (iii), Comment d. *Perkins* v. *Perkins*, 225 Mass. 82, relied on by Mrs. Rosa, is distinguishable, since the libellee in that case did not submit herself to the jurisdiction of the court. See also *Dorey* v. *Dorey*, 248 Mass. 359, 361; *Corkum* v. *Clark*, 263 Mass. 378, 382; *Commonwealth* v. *Booth*, 266 Mass. 80, 82–84; *Bergeron* v. *Bergeron*, 287 Mass. 524, 528. The case, therefore, falls within the provision of G. L. (Ter. Ed.) c. 208, § 39, that a "divorce decreed in another jurisdiction according to the laws thereof by a court having jurisdiction of the cause and of both the parties shall be valid and effectual in this commonwealth." The further provision of this section that "if an inhabitant of this commonwealth goes into another jurisdiction to obtain a divorce for a cause occurring here while the parties resided here, or for a cause which would not authorize a divorce by the laws of this commonwealth, a divorce so obtained shall be of no force or effect in this commonwealth," is not applicable to this case by reason of the express finding of the probate judge — not necessarily inconsistent with any other finding — that Henry A. Rosa "when he moved to Portsmouth . . . did not do so for the purpose of obtaining a divorce." Compare *Chase* v. *Chase*,

6 Gray, 157, 161; *Langewald* v. *Langewald*, 234 Mass. 269, 271–272.

The probate judge found "that the husband was obligated to pay his wife support as ordered up to . . . [July 15, 1936, and that] he is in arrears up to that time," $465. The decree appealed from did not in terms deal with this obligation. No facts, however, are found which would support a decree relieving the husband therefrom. See *Williamson* v. *Williamson*, 246 Mass. 270. The decree of the Probate Court, therefore, should be modified by including therein a statement that it is without prejudice to the rights of Ellen M. F. Rosa to payments for separate support which became due before July 15, 1936, and as so modified is affirmed.

*Ordered accordingly.*