MICHAEL COUGHLIN *vs.* NORA F. COUGHLIN.

Hampden. September 17, 1942. — December 1, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Marriage and Divorce,* Separate maintenance, Equitable causes of action, Custody of child. *Probate Court,* Separate maintenance, Equity proceeding, Modification of decree, Petition, Dismissal of petition without prejudice, Hearing. *Evidence,* Relevancy.

A petition by a wife in a Probate Court, seeking a "modification" of a decree entered under G. L. (Ter. Ed.) c. 209, § 32, directing her to pay her husband a certain amount of money, properly was dismissed where it contained no allegation of any condition which had changed since the original decree so as to make inequitable the order therein, but was based solely on allegations that the husband had made false representations to the court as to some evidence at the original hearing and that to prove such falsity the wife had procured evidence which she alleged to be "new" but which on its face was either known to her at the time of the original hearing or was then readily ascertainable.

A Probate Court, after a husband had been awarded a decree in a petition by him under G. L. (Ter. Ed.) c. 209, § 32, giving him custody of children of the parties and directing the wife to pay him money, was not required by § 33 of that chapter as appearing in St. 1933, c. 360, to act upon a prayer by the wife for enforcement of a resulting trust in real estate standing in his name, combined in one petition with a prayer for modification of such decree.

A ruling, at the hearing of a petition by a wife seeking to modify a decree in proceedings by her husband under G. L. (Ter. Ed.) c. 209, § 32, wherein custody of children of the parties had been awarded to him, declaring "inadmissible" any evidence concerning the acts of the husband, the care of the children and the home situation in general between the date of the original decree and about four months thereafter, which left to be considered only conditions during six months previous to the hearing, was error in that it unduly restricted the wife's right to a full presentation of her case; the error was not cured by the fact that the wife's petition was dismissed "without prejudice."

PETITION, filed in the Probate Court for the county of Hampden on September 4, 1940.

On November 29, 1940, Nora F. Coughlin filed the petition described in the opinion. The wife's petition was heard by *Denison, J.*

In this court the case was submitted on briefs.

*J. R. Jennings,* for Nora F. Coughlin.

*R. T. King,* for Michael Coughlin.

QUA, J.  The parties are husband and wife.  The husband brought a petition against the wife, presumably under G. L. (Ter. Ed.) c. 209, § 32, on the ground that he was living apart from her for justifiable cause.  This petition resulted in a decree, dated October 11, 1940, whereby the custody of the three minor children of the parties was granted to the husband and the wife was ordered to pay him the sum of $700.  Thereafter, under said § 32, the case remained pending in the Probate Court for an application by either party for a review of the decree or a new order or decree, "as the circumstances of the parents or the benefit of the children . . . [might] require."  *Smith* v. *Smith,* 184 Mass. 394, 397.  *McIlroy* v. *McIlroy,* 208 Mass. 458, 464.  *Williamson* v. *Williamson,* 246 Mass. 270.  *Slavinsky* v. *Slavinsky,* 287 Mass. 28, 32.  *Rosa* v. *Rosa,* 296 Mass. 271, 272.

The somewhat unusual petition now before us was filed November 29, 1940.  It is by the wife against the husband.  It appears to have been filed in the original case and to have been entitled as a petition for "modification" of the original decree.  Its nature can perhaps best be indicated by a summary of its prayers.  Prayer (1) is that the original decree be modified by striking therefrom the order for the payment by the wife to the husband of $700 and interest.  Prayer (2) is that the husband be ordered to convey to the wife his "nominal interest" in the equity of a house in Springfield and to pay her the rental value of the property while he occupies it.  Prayer (3) is that the original decree be modified so that the custody of the children shall be awarded to the wife, with a weekly allowance for their support.  Prayer (4) is that the husband be ordered to deliver to the wife a set of dishes and a bedspread.  This prayer was waived at the hearing in the Probate Court.  Prayer (5) is for such other equitable relief as the court might deem proper.  The Probate Court dismissed the petition without prejudice, and the wife appealed.  The evidence is not reported.

Prayer (1) is not supported by sufficient allegations in the petition. The grounds alleged for modification of the decree are that at the hearing on the original petition the husband "fraudulently represented" that he was entitled to a half interest in a savings bank deposit of $1,400, all of which the wife had withdrawn, and that the wife has now procured "new evidence" in reference to the bank book. It is settled that a decree is not open to attack simply because of false testimony or an inadequate presentation of the case at the hearing. *Zeitlin* v. *Zeitlin*, 202 Mass. 205. *Renwick* v. *Macomber*, 233 Mass. 530. *Stephens* v. *Lampron*, 308 Mass. 50, and cases cited. The allegations as to "new evidence" show on their face that the alleged "new evidence" was either actually known to the wife or readily ascertainable by her at the time of the original hearing. Those allegations need not be set forth in detail here. They are not allegations of newly discovered evidence such as may justify a new trial or the review or vacating of a decree. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 177. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 505. *Curley* v. *Boston, ante*, 58, 69. There are no allegations of any changed conditions since the original decree which make it now inequitable that the wife should pay the husband the $700 which she was formerly ordered to pay to him. See *Williamson* v. *Williamson*, 246 Mass. 270. It is not error to deny at a hearing on the merits a contention wholly unsupported by any form of pleading. *Granara* v. *Jacobs*, 212 Mass. 271, 274. *Brasslavsky* v. *Boston Elevated Railway*, 250 Mass. 403. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529, 533, 534. *Lewis* v. *Russell*, 304 Mass. 41, 43–45. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383, 388. *Pickard* v. *Clancy*, 225 Mass. 89, 95. *National Rockland Bank of Boston* v. *Johnston*, 299 Mass. 156, 157. *Finlay* v. *Eastern Racing Association, Inc.* 308 Mass. 20. G. L. (Ter. Ed.) c. 231, § 87. Cases are distinguishable where in actions at law coming up on bills of exceptions or report it has been held that a verdict will not be upset on the ground of a variance unless the point was seasonably

called to the attention of the trial judge. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385. *Boettjer* v. *Clark,* 305 Mass. 59, 61. *Berwin* v. *Levenson,* 311 Mass. 239, 246. The petition was rightly dismissed in so far as it relates to the subject matter of prayer (1). This part of the case is fully within the authority of *Burgess* v. *Burgess,* 256 Mass. 99, and is controlled by that decision. And it does not appear that the petitioning wife was injured by the inclusion in the decree of the words "without prejudice." See *Ogens* v. *Northern Industrial Chemical Co.* 304 Mass. 401.

Prayer (2) rests upon allegations which are designed to show that the house in question was bought with the wife's money, and that a trust resulted to her. We assume, without deciding, that a resulting trust is sufficiently alleged. An attempt to enforce a cause of action in equity for a resulting trust has no place in a petition to modify a separation decree under G. L. (Ter. Ed.) c. 209, § 32. except as § 33 of that chapter as appearing in St. 1933, c. 360, imports into separate support proceedings the provisions of G. L. (Ter. Ed.) c. 208, § 33, as amended by St. 1936, c. 221 (relative to divorces), that "In such proceedings the court shall have jurisdiction in equity of all causes cognizable under the general principles of equity jurisprudence, arising between husband and wife, such jurisdiction to be exercised in accordance with the usual course of practice in equity proceedings." We had occasion to consider this statute in the recent case of *MacLennan* v. *MacLennan,* 311 Mass. 709, 711, and we there outlined a method by which the jurisdiction conferred upon the court by the statute could "be exercised in accordance with the usual course of practice in equity proceedings." The present petitioner did not follow this or any equivalent method. She has made no attempt to separate her alleged cause of action in equity from her endeavor to modify the original separation decree. The allegations pertinent to both are indiscriminately commingled in one petition. The method adopted makes it difficult, if not impossible, to deal with the alleged cause of action in equity "in accordance with the usual course of practice in equity proceedings," as required by the statute.

Without saying that a decree would have been invalid if the court had undertaken to do this, we are nevertheless satisfied that under the circumstances imposed by the method of procedure adopted by the wife the court in its discretion could decline to make the attempt on the same principle on which it has been held that in proper cases a court may of its own motion decline to proceed upon a multifarious bill. *Greenwood* v. *Churchill*, 1 Myl. & K. 546, 559. *Oliver* v. *Piatt*, 3 How. 333, 412. *Hefner* v. *Northwestern Life Ins. Co.* 123 U. S. 747, 751. Whitehouse, Equity Practice, § 116. See *Boston* v. *Dolan*, 298 Mass. 346, 353, 354. There was no error of law in dismissing without prejudice the wife's claim of resulting trust.

Prayer (3) concerns the custody and support of the children. That question could be reopened by the wife at any time on a petition to modify the original decree granting custody to the husband. G. L. (Ter. Ed.) c. 209, § 32. The allegations supporting this prayer are pertinent in that they bear upon the conduct of the husband since the original hearing and down to the time of filing the petition for modification and upon his fitness to retain custody of the children. At the hearing on the present petition the wife offered evidence to prove these allegations, but the judge "ruled as inadmissible any evidence concerning the acts of the respondent, the care of the children and the home situation in general, covering any period" between the date of the original decree and March 1, thereafter, "leaving the six months' conditions prior to this hearing to be considered." (The hearing on the petition for modification was held on September 8, 1941.) We have been unable to discover any sufficient ground for a general ruling limiting all evidence to the period of six months before the hearing. It would seem that conduct of the husband before that time, especially when taken in connection with evidence that was admitted of his subsequent conduct with reference to intoxication, might be such as to bear upon the present propriety of his retaining custody of the children. The persistence of drinking habits over a considerable period might well be a material matter. The period as to which evidence was

excluded covered several months after the original decree was entered, when circumstances may have changed, and would seem to have been material to the inquiry before the judge. Compare *Jenkins* v. *Jenkins*, 304 Mass. 248. The only reason given for the ruling, so far as the record discloses, was that the parties had been "before the court on February 26, 1941, concerning their difficulties." What matter was before the court on February 26, 1941, and what, if any, evidence was then received do not appear. It does not appear that any decree was entered at that time. The wife had a right to a full and complete hearing upon her petition for modification of the original decree as to the custody of the children under conditions that would give her a proper record of that proceeding in the event of an appeal. It seems to us that her right to a full presentation of her case was unduly restricted. See *Graves* v. *Graves*, 108 Mass. 314, 321; *Oliver* v. *Oliver*, 151 Mass. 349, 351; *Gifford* v. *Gifford*, 244 Mass. 302, 305; *Hersey* v. *Hersey*, 271 Mass. 545, 549, 550, 554. The error was not cured by the fact that her petition was dismissed "without prejudice."

Prayer (5) for other equitable relief presents no additional question.

The several subject matters of the present petition appear to be separable. The decree should therefore be so modified that the dismissal without prejudice shall apply only to so much of the petition as relates to the payment of $700 by the respondent to the petitioner and to so much of the petition as relates to the real estate on Nottingham Street in Springfield. The petition is to stand for further hearing in so far as it relates to modification of the original decree for custody of the children and to an allowance for their support. As so modified the decree is affirmed.

*Ordered accordingly.*