ELIZABETH I. JELLY *vs.* DONALD B. JELLY.

Essex.   May 9, 1951. — September 17, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & WILLIAMS, JJ.

*Husband and Wife,* Separate support. *Parent and Child. Minor. Probate. Court,* Modification of decree, Amendment, Jurisdiction.

A husband against whom an order for separate support of his wife and of minor children of the parties was in force in a proceeding by the wife in a Probate Court under G. L. (Ter. Ed.) c. 209, § 32, as amended, became entitled to have that order terminated with respect to the children as well as the wife upon a divorce of the parties: the jurisdiction of the court to order support under that statute thereupon ended as to both.

Upon termination, because of divorce, of an order for separate support of the wife and of minor children of the parties previously made by a Probate Court under G. L. (Ter. Ed.) c. 209, § 32, as amended, the court might properly reserve the rights of the wife and children to such unpaid sums as had become due under the order prior to the divorce.

A petition brought by a wife against her husband under G. L. (Ter. Ed.) c. 209, § 32, as amended, seeking support of their minor children cannot, upon divorce of the parents in a court of another State, be amended into a petition under c. 208, § 29: the rights under the two statutes are distinct and separate.

PETITION for separate support, filed in the Probate Court for the county of Essex on September 28, 1942.

A petition filed by Donald B. Jelly on March 7, 1950, was heard by *Phelan,* J.

In this court the case was submitted on briefs.

*R. P. Dellinger & W. J. Fitzgerald,* for Donald B. Jelly.

*W. E. Sisk & R. L. Sisk,* for Elizabeth I. Jelly.

WILLIAMS, J.   This is a petition by Donald B. Jelly for the revocation of a decree for separate support entered on a petition of his wife, Elizabeth I. Jelly, and for a dismissal of her petition.   The parties were married in Peabody on June 8, 1929, and last lived together in Salem on December 26, 1941.   On September 28, 1942, Mrs. Jelly filed a

petition for separate support in the Probate Court for Essex County (see G. L. [Ter. Ed.] c. 209, § 32, as amended) alleging that she was of Peabody; that her husband was of Salem; that there were two children of the marriage, Cynthia Jelly born April 9, 1931, and Donald B. Jelly, Junior, born January 21, 1941; and that on or about December 26, 1941, her husband deserted her and had continued since in his desertion. She prayed for such order as the court deemed expedient concerning her support and the care, custody, and maintenance of said minor children. After hearing, a decree was entered on April 21, 1944, ordering that she have the care and custody of the children and that her husband pay to her for the support of herself and the children the sum of $75 each week "until the further order of said court." This decree was modified on January 31, 1947, by a decree which ordered the husband to pay to his wife for the support of herself and the two children the sum of $90 each week until the further order of the court and provided that "as so modified said decree dated April 21, 1944, be reaffirmed." On December 2, 1948, Jelly obtained a decree of divorce from Mrs. Jelly in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark in a proceeding wherein Mrs. Jelly, although served with a certified copy of the divorce complaint, did not appear and was defaulted. The decree of divorce made no reference to the children other than to state that Cynthia Jelly and Donald B. Jelly, Junior, are "now in the care and custody of said defendant [Mrs. Jelly] who is a fit and proper person to have the care and custody of said minor children." On March 7, 1950, Jelly, who since his divorce had continued to live in Nevada, filed in the Probate Court for Essex County the petition which is now before us. It recites the fact of the divorce and prays that the court shall "enter a decree revoking said decree of April 21, 1944, as modified and dismissing said petition." On January 25, 1951, the Probate Court, after reciting that Jelly had obtained "a valid decree of divorce" in Nevada, ordered that the decree of April 21, 1944, as modified by the decree of

January 31, 1947, "be terminated in so far as it provides for the support of the respondent Elizabeth I. Jelly, but that the same be modified as to the support of their minor children, Cynthia Jelly and Donald B. Jelly, Jr., and that said Donald B. Jelly pay to said Elizabeth I. Jelly for the support of said minor children the sum of seventy-five dollars each and every week hereafter, all of the foregoing to be without prejudice of the rights of said Elizabeth I. Jelly to such amounts as have been unpaid but due prior to December 2, 1948, under the said decree . . . and as so modified said decree be reaffirmed." From this decree Jelly has appealed. Although the evidence is reported, the facts so far as material to the right of Jelly to have the decree of April 21, 1944, as modified, revoked and the petition for separate support dismissed are essentially undisputed. The judge has found, and on the evidence appears to have been correct in finding, that the parties were legally divorced by the Nevada decree on December 2, 1948.

The decree of April 21, 1944, as modified, was conclusive and binding upon the parties respecting all matters which were in issue or were necessarily involved and actually tried and determined, until modified or reversed. *Austin* v. *Austin*, 233 Mass. 528, 529–530. *Gifford* v. *Gifford*, 244 Mass. 302, 305. *Williamson* v. *Williamson*, 246 Mass. 270, 274. *Whitney* v. *Whitney*, 325 Mass. 28, 31. The right of Mrs. Jelly and the two children to support by the husband and father and his obligation to furnish such support in the form of definite payments were adjudicated by a court having jurisdiction over the parties and the matters in issue. It is now sought to have the decree revoked and the petition on which it was entered dismissed, not because of any flaw in the petition or error in the decree but because of a subsequent divorce which has terminated the marriage relation of the husband and wife.

On the petition for revocation the judge, without revoking the earlier decree, had authority to alter and revise it. By G. L. (Ter. Ed.) c. 209, § 32, as amended, the statute under which Mrs. Jelly's petition was brought, the court can revise

and alter its decree "as the circumstances of the parents or the benefit of the children may require." *Burgess* v. *Burgess*, 256 Mass. 99, 100. *Owen* v. *Owen*, 264 Mass. 40, 41–42. *Coughlin* v. *Coughlin*, 312 Mass. 452, 453. After December 2, 1948, the date of the divorce decree, Mrs. Jelly could no longer require support from her former husband, *Rosa* v. *Rosa*, 296 Mass. 271, 272, *Cohen* v. *Cohen*, 319 Mass. 31, 34, *Heard* v. *Heard*, 323 Mass. 357, 361; and he became entitled to have the support decree modified by eliminating the order for future payments to her. *Gifford* v. *Gifford*, 244 Mass. 302, 305. In recognition of the change in the relation of the former husband and wife the judge properly revised the decree in this respect. Clearly he could reserve the right of Mrs. Jelly to recover the amounts ordered by the decree to be paid and which remained unpaid at the time of the divorce. See *Downs* v. *Flanders*, 150 Mass. 92, 94–95; *Hill* v. *Hill*, 196 Mass. 509, 518; *McIlroy* v. *McIlroy*, 208 Mass. 458, 464; *Rosa* v. *Rosa*, 296 Mass. 271, 272; G. L. (Ter. Ed.) c. 209, § 33, as appearing in St. 1933, c. 360; c. 208, § 35.

We think, however, that the judge should have further revised the decree by terminating the order for the support of the minor children. Proceedings for separate support under G. L. (Ter. Ed.) c. 209, § 32, are designed to secure the temporary support of a wife only while the marriage relation exists and the cause for separation continues. *Barney* v. *Tourtellotte*, 138 Mass. 106, 108–109. *Doole* v. *Doole*, 144 Mass. 278, 279–280. *Slavinsky* v. *Slavinsky*, 287 Mass. 28, 31. *Dunnington* v. *Dunnington*, 324 Mass. 610, 612. The jurisdiction of the Probate Court to order support for the children of parents judicially separated is limited, as in the case of the wife, to the period during which the wife continues to live apart from her husband for justifiable cause. In *Bigelow* v. *Bigelow*, 120 Mass. 320, 322, a case where a petition was brought under the original separate support statute, St. 1874, c. 205, now appearing in G. L. (Ter. Ed.) c. 209, § 32, it was said, "The object and effect of this proceeding are to obtain a judicial determination that

the husband and wife are lawfully living apart, and that he shall support her and their children during the separation." The authority granted by this statute must be exercised within this period and when the period has ended the authority of the court to order support no longer continues. That this is the intent of the statute may be inferred from the separate grant to the Superior and Probate Courts by G. L. (Ter. Ed.) c. 208, § 29, of jurisdiction to enter decrees for the support of children whose parents have been divorced without the Commonwealth. Under that section the power of the Superior and Probate Courts to decree support begins with the divorce. In our opinion the power of the Probate Court to order support under c. 209, § 32, ends with the divorce. On petition brought to invoke the exercise of the authority granted by either statute the court cannot adjudicate for the period covered by the other statute.

As in the instant case the right intended to be asserted by the petition under c. 209, § 32, is distinct and different from the right which now, by reason of the divorce, may be maintained under c. 208, § 29, we are of opinion that the present petition cannot be amended into one under c. 208, § 29.

The decree of the Probate Court must be reversed and a decree be entered for the modification of the decree dated April 21, 1944, as modified by the decree of January 31, 1947, by providing that the orders for the support of Elizabeth I. Jelly and the minor children Cynthia Jelly and Donald B. Jelly, Junior, be terminated as of December 2, 1948, without prejudice to the rights of Elizabeth I. Jelly and the two children to recover such amounts as have been unpaid but due prior to December 2, 1948.

*So ordered.*