MARY C. KELLERMANN *vs.* FREDERICK D. KELLERMANN. July 31, 1980. The defendant appeals from a judgment entered by a Probate Court on November 1, 1978, purporting to modify a divorce decree which became absolute on July 14, 1971. In her complaint for modification of that decree, the plaintiff sought recovery of arrearages due her under a 1963 separate support order, alimony and child support, and conveyance to her of the defendant's interest in the parties' marital domicil. The evidence is not reported; the case is before us on a statement of evidence prepared by the judge. After hearing, the judge found the defendant to be in arrears in the amount of $75,290 under the 1963 separate support order and entered judgment against the defendant for that amount, ordering him to convey to the plaintiff his interest in the parties' marital domicil, owned by them as tenants in common, "in partial satisfaction of said judgment."

Although the complaint is framed in terms of modification (and the judge so treated it), we are of the opinion that it should be treated as a petition for alimony and division of property under G. L. c. 208, § 34, and not as a petition to "revise and alter" a divorce judgment under G. L. c. 208, § 37, because the 1971 decree contained no provision for alimony. See *Kinosian* v. *Kinosian*, 351 Mass. 49, 51-52 (1966); *Wyman* v. *Wyman*, 3 Mass. App. Ct. 358, 359 n.2 (1975); *Peluso* v. *Peluso*, 5 Mass. App. Ct. 906 (1977). Although the 1971 decree did contain an order of conveyance against the defendant, the judge recognized that the Probate Court lacked jurisdiction at that time to enter a decree in personam against the husband requiring him to convey his interest in the marital domicil to the plaintff. See *Blitzer* v. *Blitzer*, 361 Mass. 780, 782-783 (1972). We conclude that the judge erred in entering a modification judgment based on arrearages

due the plaintiff under the 1963 separate support order, which order was superseded by the divorce decree of 1971. See *Jelly* v. *Jelly*, 327 Mass. 706, 709-710 (1951). Cf. *Salvesen* v. *Salvesen*, 370 Mass. 608, 610 (1976); *Binder* v. *Binder*, 7 Mass. App. Ct. 751, 757-762 (1979). We need not now determine what, if any, rights the plaintiff may have to recover amounts unpaid but due under the separate support order for the period 1963 to 1971. See G. L. c. 208, § 35; G. L. c. 209, § 33; *Jelly* v. *Jelly*, 327 Mass. at 710. See also *Binder* v. *Binder*, 7 Mass. App. Ct. at 760-761. The modification judgment is reversed, and the case is remanded to the Probate Court for a new hearing on the issues of alimony and division of property, and for appropriate findings to be made. See G. L. c. 208, § 34; *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976); *Rice* v. *Rice*, 372 Mass. 398, 401 (1977); *King* v. *King*, 373 Mass. 37, 40 (1977).

*So ordered.*

*Joseph W. Monahan, III*, for the defendant.
*Geoffrey D. Wyler* for the plaintiff.