## HANNAH DOOLE *vs.* WILLIAM J. DOOLE.

Norfolk. Nov. 17, 1886. — March 23, 1887. HOLMES & GARDNER, JJ.,
absent.

Under the Pub. Sts. *c.* 147, § 33, on the petition of a wife for separate support, the Probate Court cannot, without the consent of the parties, order a decree to be entered that the husband pay a sum in gross for all support of his wife in the future.

If the Probate Court, upon the petition of a wife, under the Pub. Sts. *c.* 147, § 33, for separate support, enters a decree, by consent of both parties, that the husband pay to the wife a sum in gross, as the whole sum to which she is entitled by way of separate support, and the husband pays such sum to the wife, who gives a receipt for it, and never offers to return it, she thereby waives her right to appeal from the decree upon the ground that the sum awarded is "insufficient for her apparent needs during the probable length of her life."

PETITION to the Probate Court, under the Pub. Sts. *c.* 147, § 33, by Hannah Doole, alleging that she was the lawful wife of William J. Doole, and that her husband failed without just cause to furnish suitable support for her; and praying that the court would prohibit the husband from imposing any restraint on her personal liberty, and would make an order for her support.

On this petition the judge of probate made a decree, on October 14, 1885, that "the said William J. Doole do pay to the said petitioner the sum of fifteen hundred dollars forthwith, such sum being decreed to be the whole sum to which the said petitioner shall be entitled by way of separate support."

From this decree the petitioner appealed, and subsequently filed the following reasons of appeal:

"1. That the decree purports to be in full for support during the remainder of the petitioner's life, and that the amount granted to her is manifestly insufficient for her apparent needs during the probable length of her life.

"2. That the said decree was based upon calculations of the value of the husband's property manifestly erroneous.

"3. That it in no wise provided for any counsel fee for the petitioner's counsel, and would compel the petitioner to pay and reimburse a third person therefor out of money awarded to her solely for her support."

The case was heard in this court, before *C. Allen,* J., on a motion by the respondent to dismiss the appeal; and the judge

reported the case for the consideration of the full court, in substance as follows:

At the hearing it appeared that the petitioner had legal counsel during all the proceedings; that by assent of both parties the judge of probate fixed a sum in gross; that he gave to the petitioner her choice whether to have a decree for the payment of $1500 in gross or $6 a week; that she elected the sum in gross; that $25 was paid to her after the judge announced what his decree would be, but before the formal entry of it on October 14; that on October 15, 1885, the sum of $1475 was paid to her by her husband, and she signed a receipt for the $1500, dated that day; that no offer to return the same has ever been made by her; and that she claimed an appeal on November 10, 1885, and filed her reasons of appeal on November 20, 1885, as appears by the paper on file.

The petitioner's counsel contended, that, by virtue of the Pub. Sts. c. 156, § 13, the petitioner had a right to keep the money and prosecute her appeal.

The judge held, that, by accepting and keeping the $1500 she had elected to accept the decree as final, and could not prosecute an appeal therefrom for the reasons stated in her reasons of appeal; and ordered the appeal to be dismissed.

The petitioner appealed to the full court.

*E. Greenhood*, for the petitioner.

*G. F. Williams*, for the respondent.

MORTON, C. J. In proceedings under the Pub. Sts. c. 147, § 33, it is not competent for the Probate Court to enter a decree, without the consent of parties, that the husband shall pay a sum in gross for all support of his wife in the future.

The provision of the statute, that the court may make such "order as it deems expedient concerning the support of the wife," must be construed with reference to the nature and purposes of the proceeding, and does not authorize a decree for a sum in gross, which looks to, and is based upon, the permanent future separation of the husband and wife. Such a decree may be proper where there has been a divorce, which establishes the permanent future status of the parties. But proceedings under this statute are designed to secure the temporary support of a wife who is separated from her husband for just cause, while the

marriage relation exists and the cause for separation continues. A decree under the statute does not create a judicial separation, nor establish a permanent status for the future. *Barney* v. *Tourtellotte*, 138 Mass. 106.

This construction is supported by the Pub. Sts. *c.* 156, § 13, upon which the petitioner mainly relies. This provides that the decree or order of the Probate Court in such proceedings shall not be annulled or stayed by an appeal, but shall have effect notwithstanding an appeal, until otherwise ordered by the Supreme Judicial Court. This provision is reasonable, when applied to an order for monthly, weekly, or other periodical payment to the wife, the object of it being to provide for her present necessities, and to guard against her being left without any means of support while an appeal is pending. But it cannot reasonably be applied to an order for the payment of a sum in gross, such as was made in this case. The object of an appeal would be either to increase or to diminish this sum. If a husband might be compelled to execute the order of the Probate Court at once, an appeal would be of no benefit to him. We do not think the Legislature intended that the Probate Court should have the power to order a sum in gross to be paid by the husband in lieu of the future support of his wife during her life.

We do not decide that there may not be cases in which it would be competent for the Probate Court to order a fixed sum to be paid by the husband presently, instead of ordering periodical payments. Cases may arise where this would be the only practicable mode of securing support for the wife in the immediate future. But the court cannot order a sum to be paid as a substitute for all future support of the wife, thus practically creating a judicial separation.

In the case at bar, the judge of probate, after a hearing, determined that the husband should pay to the wife $6 a week for her support; instead of entering this decree, he, by consent of both parties, entered a decree that the husband pay the petitioner the sum of $1500 forthwith, "such sum being decreed to be the whole sum to which the said petitioner shall be entitled by way of separate support." Immediately after the decree, the husband paid the petitioner the sum of $1500. She gave a receipt for it, and has never offered to return the money.

As she assented to the decree, she was not aggrieved by it. Her assent and the reception of the money in execution of the decree are inconsistent with her right of appeal, and operated as a waiver of such right. We cannot consider what may be the effect of these proceedings upon the future rights of the parties; but by her acts she elected to treat the decree as binding and final; and she cannot prosecute an appeal from it upon the ground stated in her reasons of appeal that the sum awarded is "insufficient for her apparent needs during the probable length of her life." *Appeal dismissed.*