HIRAM T. CHAPMAN v. FLORENCE E. CHAPMAN.

FILED SEPTEMBER 20, 1905. No. 13,894.

1. **Judicial Record:** AUTHENTICATION. It is indispensable to the authentication of a judicial record of a sister state that it have attached thereto a certificate of the presiding judge that the attestation is "in due form" or "in due form of law."

2. **Husband and Wife:** SEPARATION: EVIDENCE. In case of the separation of husband and wife, it is incumbent upon the spouse first repudiating marital obligations to establish freedom from fault and justification or excuse for such conduct.

3. **Suit for Maintenance:** DECREE. In an action by a wife, not for a divorce of either description authorized by the statute, but simply to compel the husband to provide her an adequate support and maintenance, it is error to render a judgment in her favor for a single sum in gross and award execution therefor.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*W. E. Gantt* and *J. C. Robinson,* for plaintiff in error.

*Gurley & Woodrough, contra.*

AMES, C.

This is an action by a wife against her husband, not for a divorce from the bonds of matrimony nor from bed and board, but to obtain a decree for maintenance only, which she alleges that the defendant, being a man of large means and ability, has for a term of years failed to provide, he having utterly deserted her. The answer in effect admits the desertion and failure to support, but justifies by averring that some ten years previous to the beginning of this

action the defendant, by the judgment of the district court for Cass county, in North Dakota, obtained a divorce from the bonds of matrimony with the plaintiff, in an action duly pending in said court, in which the plaintiff had entered her appearance, and in which she had been allowed by the court and paid by the defendant certain sums as "suit money" or alimony *pendente lite*. In her reply the plaintiff admits the beginning of the suit in the North Dakota court, but denies that she was ever served with process or ever appeared therein; denies that she was ever paid anything by way of temporary alimony in the action; denies the rendition of a decree of divorce in that action as alleged in the answer; and alleges that neither she nor the defendant has at any time been a resident of the state of North Dakota or of the county of Cass therein, and that the district court of that county never had jurisdiction of her person or of the subject matter of a suit of divorce between herself and her husband. In short, by these and other denials and averments the entire proceeding in the North Dakota court was put in issue as completely as could have been done by a general denial, except that it was admitted that there was some such proceeding or pretended proceeding by which the defendant sought to justify his desertion of the plaintiff and his failure to support her.

To maintain the issues on his part the defendant offered in evidence a copy of the judgment roll in the proceeding in the North Dakota court, which was objected to on the ground that it was not authenticated in the manner provided by law. The defect of which the plaintiff complains is the absence of a certificate by the presiding judge of the court that the attestation to the record by the clerk is "in due form" or "in due form of law," as is required by an act of congress and a statute of this state. Authorities that the absence of such certificate is a fatal defect are too numerous and too familiar to permit a contrary contention, which, indeed, counsel for plaintiff do not in this court attempt to make, but he does argue that the

objection in the court below was so vague and general as to be ineffectual. The objection, as appears by the bill of exceptions, was in the following form: "That the same is not authenticated as required for the authentication of foreign records under the laws of this state or by act of congress in such cases made and provided." We think the language used was sufficiently definite to invite especial examination of the form and language of the certificate of authentication, which, if made, would have disclosed the defect, and that greater precision was not required. The trial court received the document in evidence, but as the objection goes to its competency we feel bound to ignore its presence in the record. We are thus excused from discussing the evidence offered to impeach the proceeding in the North Dakota court for fraud and want of jurisdiction, but may note in passing that it sufficed to satisfy the trial judge of the invalidity of the decree attacked.

The conclusion thus reached dispenses with a consideration of much of the briefs and arguments of counsel for plaintiff in error, but the foremost and principal of his remaining complaints is the assignment that there is no evidence that the plaintiff below is a person of good character and free from fault in her marital relations with the defendant. As showing the validity of this objection counsel cites Stewart, Marriage and Divorce, sec. 179, and several judicial decisions by courts of other states to the effect that a wife who is living apart from her husband must, in order to sustain an action of this kind, aver and prove that she herself is free from fault, and that the separation was not due to her own wrong. But we do not think that this rule is intended to impose an unequal burden on the wife or to deprive her of the benefit of the ordinary presumptions of innocence that obtain in favor of one regularly indicted by a grand jury for an alleged offense. There is enough in the record to show, and indeed it is not disputed, that the defendant deserted his wife within a short time after his marriage, and about ten years before the beginning of this action. If he had valid

excuse or justification for such conduct, it is surely incumbent upon him to make known its nature and establish it by proof. Upon the face of the transaction he is himself a wrongdoer, and it appears to us that it would be a glaring injustice both to exonerate him from explaining his desertion and to require the plaintiff to show affirmatively that she has been guilty of no act calculated to provoke it. We do not think that the rule invoked by counsel, or any of the authorities cited by him, sanction such a practice. The case would be quite different if the plaintiff had left the bed and board of the defendant. In such a case there would be no impropriety in calling upon her to prove her own freedom from fault, as well as a justification for her own conduct by that of her husband. In short, the gist of the rule is that whichever spouse has first repudiated the marital obligations is rightly called upon to give a valid reason for so doing.

There was a judgment for the wife for the sum of $10,000, which the defendant, who prosecutes error, complains of as excessive and as being supported by insufficient evidence. The evidence, in brief, is that he was worth in excess of $100,000 at the date of desertion; the wife being ignorant of and being unable to procure witnesses having knowledge of the state of his affairs since that time. The defendant offered no evidence on the subject, but complains that that of the plaintiff is so remote as to be incompetent. We do not think so. It was the best obtainable by her concerning a matter within the peculiar, if not exclusive, knowledge of the defendant, and it suffices to raise a presumption, which he had abundant opportunity to rebut if he could do so; the fact that he made no such attempt serves to strengthen the presumption.

We think, however, that the court erred in awarding so large a sum, or, indeed, any sum at all, in gross, for the future support and maintenance of the plaintiff. That practice was sanctioned and the contrary course disapproved by this court in *Cochran v. Cochran*, 42 Neb. 612,

and in *McGechie v. McGechie*, 43 Neb. 523, but we think without mature or adequate deliberation. Neither description of divorce authorized by the statute is prayed for in the petition or granted by the court, nor does the plaintiff ask for *separate* maintenance. She prays simply that the defendant be compelled to support her accordingly with his ability and suitably with her station in life, and for aught that appears she is ready and willing to resume marital relations with him at any time he shall express a wish or afford an opportunity for her so to do. The judgment is in form and effect an ordinary judgment at law that the plaintiff have and recover of and from the defendant the sum of $10,000 and costs of suit, and that execution issue therefor. The defendant is considerably her senior and not improbably will predecease her, but she is not barred of her dower or of her distributive share in his estate in the event she shall survive him; and if, after his payment of the judgment, she should through improvidence or misfortune again become destitute, he would still remain obligated for her support so long as the marriage relation should subsist, which, on the other hand, might terminate by his death on the day after the payment should be made. We are ignorant of any authority, statutory or other, for the creation for a married woman of a separate estate out of the property of her husband without his consent, and such an act would have a tendency to discourage the resumption of marital relations which it is in the interest of good morals and sound public policy to promote. We think that the judgment of the district court should be reversed and the cause remanded with instructions to receive such additional competent evidence pertinent to the subject of alimony as may be offered by either party, and to award to the plaintiff such sums, to be paid to her periodically by the defendant, as shall appear to be within his ability to pay and be adequate for her suitable maintenance.

It is therefore recommended that the judgment be re-

versed and the cause remanded, with instructions to proceed in compliance with this opinion.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to proceed in compliance with this opinion.

REVERSED.