No. 18,159.

ROBERT W. VINES *v.* BARBARA D. VINES.
(326 P. [2d] 662)

Decided June 9, 1958.    Rehearing denied June 30, 1958.

450

Mr. CHARLES D. BROMLEY, Mr. ROBERT T. KINGSLEY, Mr. ROBERT H. CLOSE, for plaintiff in error.

Messrs. WAGNER & WYERS, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in reverse order to their appearance in the trial court. We shall refer to plaintiff in error as Dr. Vines; to the defendant in error as Mrs. Vines.

On January 14, 1955, Mrs. Vines filed in the district court her complaint for separate maintenance, in which she charged her husband, Dr. Vines, with cruelty. In addition to her prayer to live separate and apart from Dr. Vines, she prayed for:

(a) temporary and permanent support for herself and the parties' two daughters, aged twelve and thirteen years;

(b) attorney fees;

(c) a decree granting to her separate maintenance;

(d) a division of property; and

(e) general relief.

On February 23, 1955, the Honorable Joseph E. Cook entered an order for temporary alimony, which order awarded Mrs. Vines $250.00 per month for herself; $350.00 per month for support of the two daughters; attorney fees in the sum of $300.00; costs of suit, and the use of the family home with all of its contents, furniture and furnishings, Dr. Vines to keep the home, garage and fence in repair, and to pay the taxes and insurance thereon.

On July 11, 1955, Judge Cook entered a decree awarding separate maintenance to Mrs. Vines, and therein provided that the above temporary order be continued in effect, and that the court retain jurisdiction of the case for final determination of the property rights of the parties, support money for Mrs. Vines and the children, and a further allowance for attorney fees and costs.

A further hearing was had on April 24, 1956, before the Honorable Harry R. Sayre, sitting for Judge Cook.

On completion of said further hearing, Judge Sayre entered his "Findings of fact, conclusions of law and order determining alimony, support money and property rights," wherein he found that as of September 23, 1955, the net worth of Dr. Vines was $180,272.28. Included in said net worth is an item of $10,134.00 evidenced by government bonds standing in the name of Dr. Vines, "POD" to Esther M. Vines, the mother of Dr. Vines, who had given to him $10,000.00 with which the bonds were purchased. Also included is the cash surrender value of all insurance carried by Dr. Vines on his own life, all of which insurance is payable to Mrs. Vines. None of Mrs. Vines' separate property is included. The trial judge also found that Mrs. Vines' costs for auditors, appraisers, docket fee, etc., amounted to $665.50, and that a proper additional allowance for Mrs. Vines' attorneys is $2550.00; that Dr. Vines' annual net income from his medical practice is approximately $28,000.00 to $30,000.00.

Such findings are supported by the evidence and Dr. Vines raises no substantial objection thereto. The trial judge, based on these facts, deducted from the total assets of $180,272.58, costs of $665.50, attorney fees of $2550.00, and ordered said costs and fees paid by Dr. Vines; also ordered a savings account in the amount of $829.58, which Dr. Vines had for his daughters, deducted from his total assets, thus leaving $176,227.50, the value of all of the property of Dr. Vines, and entered his order granting to Mrs. Vines one-half of the total property, being of the value of $88,113.75, and provided for transfer thereof; also ordered Dr. Vines to pay to Mrs. Vines $10,000.00 per year in monthly payments of $833.33 — one-half being alimony for Mrs. Vines, and one-half for the support of the children. Dr. Vines filed his motion for new trial and amendment of this judgment.

On September 21, 1956, new findings and judgment were entered dividing the property as in the judgment of April 24, 1956, except $2550.00 was deducted from the total assets, this being for Dr. Vines' attorneys, thus leaving only $173,677.50 to be divided, and Mrs. Vines was awarded one-half, or $86,838.75. The decree further provided that the property to be received by Mrs. Vines, except the home, be held in trust for her by her attorney for three years, pursuant to trust agreement attached to the decree. Said trust agreement provided that in the event Mrs. Vines died testate, the trust property go according to her will; if she died intestate, the trust property all to go to the daughters, or the survivor, and if neither survive, then go according to the Colorado laws of descent and distribution.

This declaration of trust, no doubt conjured up by the settlor (Mrs. Vines) and trustee, has as its purpose the divesting of Dr. Vines of his statutory rights of inheritance as a husband. This effort, ordered by the trial court, falls somewhat short of effectively repealing legislative acts governing the problem. In view of the disposition that we make of this case, the trust arrange-

ment must fail for another very good reason — lack of assets.

Dr. Vines is here by writ of error, seeking to have the division of property nullified and seeking to have the alimony and support money reduced to an amount commensurate with the reasonable needs of Mrs. Vines and the children.

Dr. Vines did not contest the demand of Mrs. Vines that she be decreed the right to live separate and apart from him; he did not and does not question her claim for reasonable alimony. The parties have agreed that Mrs. Vines should have the general custody of the children and, fortunately, the parties have worked out their own arrangement for visitation rights. Dr. Vines not only does not question the rights of his wife and daughters to support, but in fact appears most solicitous of their welfare and is anxious to furnish whatever funds that can be prudently used for their support.

Dr. Vines correctly contends that in this case there should have been no division of property, and that only such alimony and support should have been ordered as is necessary to adequately maintain his family in the manner to which accustomed and which is suitable for persons in their station in life.

The parties were married in 1940, at which time Mrs. Vines was employed as a welfare worker and had savings of about $2500.00. She now has over $5000.00 in her own name; the additional $2500.00 came from Dr. Vines' earnings. Dr. Vines, at the time of the marriage, was seeking to complete his medical education and was without funds. Both parties have worked and saved — Mrs. Vines as a housewife and mother, Dr. Vines as a medical man of ability, a good provider for his family, and a systematic saver for the future, having accumulated through the practice of his profession some $180,000.00. No doubt Mrs. Vines, as a dutiful, frugal wife and mother, lent help and encouragement, which contributed in no small measure to the success of her husband.

Mrs. Vines, in seeking a decree of separate maintenance, has chosen to defer and to terminate, during the term of the separation, the usual incidents of marriage, and has chosen to have the marriage contract remain in full force and effect, except as modified by decree of court.

A review of the decree entered herein makes it at once apparent that Mrs. Vines, her counsel and the trial court have seriously misjudged the rights of a wife and the duties of a husband. It is at once apparent that Mrs. Vines' counsel and the trial court have entirely lost sight of the very important fact that *Dr. Vines and Mrs. Vines remain married* and enjoy or suffer the status of husband and wife.

From the facts that appear in the record before us, facts that are in no manner in dispute, we conclude that there should be no division of property whatsoever, and that the award of alimony and child support should bear a reasonable relationship to the needs of the wife and children. In all cases there is a factor to consider, and that is the ability of the husband and father to meet the reasonable needs of his wife and children. That question presents no serious problem here, for Dr. Vines is able to pay more than the amount reasonably necessary to properly care for the wife and children. Bearing in mind the fact that these parties are husband and wife, let us determine their rights and duties insofar as property, earnings, and support are concerned.

All are agreed that the husband is duty bound to support his wife; all are agreed that parents are duty bound to support their minor children. We fail to find any law in Colorado, or any other state, not having community property provisions, which grants to either spouse any rights to the property of the other; nor do we find any law that children shall have any rights in the property of either parent. There is ample authority in law and equity whereby a husband may be divested of a reasonable portion of his earnings and, if need be, his property

to the end that his wife and children have reasonable support. In this case there is no need to divest Dr. Vines of any of his property in order to assure support for his wife and children. Indeed, his property, in his hands, serves as assurance that he will in future months and years be able to perform his marital and paternal duties of support, even though his earnings might become less or even vanish.

The decree of the trial court strips Dr. Vines of the beneficial incidents of his marriage status, strips him of his home, strips him of one-half of all of his property, including one-half of $10,134.00 received from his mother, strips him of about one-half of his present earnings and anticipated future earnings, and undertakes to strip him of his statutory rights to inherit from his wife. We find no sanction in law or equity for such stripped-down versions of husbands.

█ The evidence is definite and uncontradicted that Dr. Vines has at all times, including the time during which this cause has been pending, provided reasonable support for his family. He professes a desire to continue so to do. There is no basis for any award of property. The fact that Dr. Vines is now furnishing and has always furnished reasonable support could be set up as a complete defense to Mrs. Vines' claim for support. Under the law, under equitable rules and the equity jurisdiction of the trial court the court could not and should not order more than reasonable support — anything more is unreasonable and inequitable.

The rights and duties of the parties in separate maintenance actions are governed by statute and broad equitable principles. CRS '53, 46-2-4, provides:

"At all times after the filing of the complaint, the court in term time or the judge in vacation may make reasonable orders for temporary support suit money or counsel fees and for the care and custody of the minor children of the parties and, upon the entry of the decree of separate maintenance, may make such permanent

orders, *or, in the proper case, may determine the property rights of the parties or decree a division of property* upon such terms and conditions as the court shall deem just." (Emphasis supplied.)

From the above, it appears that only *"in the proper case"* may the court determine property rights or decree a division of property. This is not a proper case for such action.

There might be a proper case for ordering a division of property, such as where the husband has no income out of which monthly support payments could be made but does have property which could be converted into cash. In such a case proper procedure would be to order property sold and to have the proceeds held for the purpose of assuring payment of monthly amounts allowed. If the whole of the proceeds were turned over to the wife in gross, she might squander or lose the same, and the husband find himself without earnings or property and yet saddled with the marital duty to support.

We find no cases approving a division of property where there has been an award of adequate monthly support payments.

The general rule is that the wife seeking separate maintenance is entitled to just that — maintenance. Property of the husband may be subjected to a lien to assure payment, but title may not be ordered transferred to the wife so long as she and the children are adequately supported.

The distinction between divorce proceedings and separate maintenance is set forth in 27 Am. Jur., page 8, §401, in this language:

"The distinction between a suit for alimony, maintenance, or separate maintenance, out of a husband's estate, and a suit for divorce a mensa et thoro is that in the suit for alimony, maintenance, or separate maintenance, the fundamental issue is the right or equity to support, the general marriage status being only incidentally involved, whereas in the suit for partial divorce,

the general marriage status is fundamentally involved and the right to support is involved only incidentally. In some jurisdictions, a suit for alimony, maintenance, or support, without divorce, is not recognized. In others, while no such thing as alimony without divorce is recognized, separate maintenance is recognized, since it is dependent on the continuance of the marriage relationship and is for the support of the wife while that relationship continues and the spouses are apart; however, the purpose of the two allowances is the same, namely, the support of the wife."

The difference is further emphasized in 27 Am. Jur., pages 18 and 19, §411:

"It is a defense to an action by a wife for alimony, support, maintenance, or separate maintenance that the husband already is making her a suitable and regular allowance, provided that allowance is a sufficient one."

Limitations of the relief to be granted in separate maintenance are set forth in 27 Am. Jur., page 24, §415:

" * * * In this regard, it has been ruled that the only duty which a court can enforce in a suit for alimony, support, maintenance, or separate maintenance, without divorce, is maintenance, and for this purpose it can deal only with the income of the parties, having no power to divest either of the corpus of his or her estate in order to give it to the other, or to compel one to labor for the other. * * *."

We find no case in Colorado or any other state wherein adequate support has been ordered paid by a husband able and willing to pay, and in addition a division of property ordered, as in this case.

In *Hanscom v. Hanscom,* 6 Colo. App. 97, 39 Pac. 885, a wife sought separate maintenance from her husband who had fraudulently conveyed his property for the purpose of depriving his wife of support, and had left the state. She sought an award for support and also to have the conveyances set aside and the award made a lien on the property and foreclosed. She was denied relief by

the trial court and appealed. The Court of Appeals reversed the judgment of the trial court and said:

" * * * *A reasonable amount for her maintenance during coverture, or until reconciliation, estimated with reference to the means of her husband, and payable out of his estate, is the relief to which she is entitled, if the case made by her complaint shall be established; and if, as is charged, he has faudulently disposed of his property for the purpose of defeating her rights, and avoiding the obligation which the law imposes upon him of providing for her support, a court of equity, in virtue of the nature and extent of its jurisdiction, will, in the same proceeding, adjudicate her claim, and remove the obstructions which he has fraudulently put in the way of its enforcement. * * *." (Emphasis supplied.)

In Reeve v. Reeve, 160 S.W. (2d) 804, the Kansas City, Missouri, Court of Appeals said:

"The purpose is not to enrich the wife, but to provide suitable support and maintenance for her, taking into consideration the manner in which she was accustomed to live with him, and his ability to provide support." (Emphasis supplied.)

In Avery v. Avery, 236 Ia. 9, 17 N.W. (2d) 820, it is said:

"We have examined all of the opinions of this court involving separate maintenance suits without finding any case where a lump sum award has been upheld. In the absence of very special circumstances we do not think such an award should be made in a separate maintenance suit. The considerations which support a lump sum award or division of property in a divorce action that terminate property rights, are not present in separate maintenance suits where property rights are retained." (Emphasis supplied.)

In Materazzo v. Materazzo, 139 Ohio St. 36, 37 N.E. (2d) 967, it is said:

"The record in this case presents a single question for determination: May a trial court, in a proceeding in-

volving a claim for alimony only, make an award to the wife which is to be determinative of all her rights to her husband's property?

"The parties are still married, and while that status continues there is always the possibility of a termination of the separation. The court is therefore without power to finally determine the property rights of the parties. This rule is established in Ohio by the decision of this court in the case of Durham v. Durham, 104 Ohio St. 7, 135 N.E. 280."

In *Coe v. Coe,* 313 Mass. 232, 46 N.E. (2d) 1017, the Massachusetts Supreme Court said:

"The *'pecuniary resources of the husband,' however, are not to be regarded as a basis for a division of property — which is not the purpose of an allowance for the support of the wife —* but they have a bearing upon the 'condition in life of the parties' and thus upon the 'necessities of the wife,' for as has been recognized in considering the liability of a husband for 'necessaries' supplied to his wife, the 'term "necessaries" in this connection is not confined to articles of food or clothing required to sustain life, but has a much broader meaning and includes such articles for use by a wife as are suitable to maintain her (and the family) according to the property and condition in life of her husband.' * * *." (Emphasis supplied.)

In *Doole v. Doole,* 144 Mass. 278, 10 N.E. 811, the Supreme Court of Massachusetts reversed a decree awarding a gross sum in lieu of support. The court said:

"The provision of the statute that the court may make such 'order as it deems expedient concerning the support of the wife' must be construed with reference to the nature and purposes of the proceeding, and do not authorize a decree for a sum in gross which looks to and is based upon the permanent future separation of the husband and wife. Such a decree may be proper where there has been a divorce, *which establishes the permanent future status of the parties.* But proceedings under

this statute are designed to secure the temporary support of a wife, who is separated from her husband for just cause, while the marriage relation exists and the cause for separation continues. * * *.

"We do not decide that there may not be cases in which it would be competent for the probate court to order a fixed sum to be paid by the husband presently, instead of ordering periodical payments. Cases may arise where this would be the only practical mode of securing support for the wife in the immediate future. But the court cannot order a sum to be paid as a substitute for all future support of the wife, thus practically creating a judicial separation." (Emphasis supplied.)

In *Kusel v. Kusel,* 147 Cal. 57, 81 Pac. 295, the trial court awarded the wife $10,000.00 in lieu of monthly payments for support. In reversing the trial court, the Supreme Court said:

" * * * The action does not contemplate a divorce, but, on the contrary, that the parties shall continue to remain as they were before — husband and wife. The rights of the wife in the remaining property of the husband are not destroyed or affected in the least by the decree or judgment. The necessity for the separate maintenance may terminate at any time by reconciliation of the parties, or by the death of one of them. The law favors the reconciliation of the parties, and it should not be construed so as to afford a temptation for the wife to press an action for maintenance, rather than to seek restoration to her marital rights. There is nothing in the statute which requires us to depart from the prevailing rule that the right to alimony or maintenance, where the marriage is not dissolved, contemplates periodical payments during such time as the necessity for the maintenance continued, and not an absolute allowance out of the estate. * * *.

" * * * It was an abuse of discretion, under the circumstances of this case, to award the wife the equivalent

of one-third of the husband's estate, instead of a periodical payment for her support."

See, also: *Lockridge v. Lockridge* (Ky.), 3 Dana 28, 28 Amer. Dec. 52; *Chapman v. Chapman,* 74 Neb. 388, 104 N.W. 880; *Cohn v. Cohn,* 4 Wash. (2d) 322, 103 P. (2d) 366; *Turi v. Turi,* 34 N. J. Super. 313, 112 A. (2d) 278; *Boggs v. Boggs,* 119 Mont. 540, 177 P. (2d) 869; *Wilson v. Wilson,* 195 Va. 1060, 81 S.E. (2d) 605; *Baker v. Baker,* 90 N. H. 307, 9 A. (2d) 767; *Murray v. Murray,* 84 Ala. 363, 4 So. 239; *Clisby v. Clisby,* 160 Ala. 572, 49 So. 445; *Hill v. Hill* (Ohio App.), 115 N.E. (2d) 399.

██ As to the award of $833.33 per month for Mrs. Vines and daughters, we deem the same as excessive. Prior to the separation, Mrs. Vines was given $300.00 per month, out of which she paid nearly all of the expenses of the home and supporting the family.

We feel that an award of $700.00 per month and use of the family home is ample to meet the present needs of Mrs. Vines and her daughters. It is considerably more than was available to them prior to the separation, and is more than ample to maintain them as they were maintained prior to the separation.

The judgment of the trial court is reversed and the trial court is ordered and directed to vacate its findings and judgments entered April 23, 1956, and modification thereof entered August 20, 1956. From the record before us it appears that it would have been proper for the trial court to have entered judgment awarding Mrs. Vines: (1) use of the family home, located at 2222 Albion Street, Denver, Dr. Vines to pay all taxes thereon and to keep said home, garage and fence in good repair and reasonably decorated; (2) $700.00 per month for the care and support of Mrs. Vines and the parties' two daughters, Mrs. Vines to pay income tax on the same and she to claim the daughters as her exemptions; and (3) that Dr. Vines deposit with some depository agreeable to the parties, or, on their failure to agree, a depository to be designated by the trial court, all of his

462

United States Government, Series E, bonds, said bonds to be held in escrow as security for payment of the monthly amounts to Mrs. Vines; Dr. Vines to retain all interest or earnings from said bonds, and to have the right to substitute therefor or for any part thereof other securities of equal or superior rating and of equal or greater value.

Any judgment so entered to be subject to modification, withdrawal or vacation on presentation of pleadings and facts warranting any of such changes.

The cause is remanded to the trial court for further proceedings consistent with the views herein expressed.