CHARLES P. WILSON *vs.* ADRIENNE S. WILSON.

Middlesex.    February 23, March 18, 1965. — April 15, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Husband and Wife*, Separate support, Living apart.    *Probate Court*, Revocation of decree.

Where, following a decree of a Probate Court under G. L. c. 209, § 32, for separate support of a wife for the cause of cruel and abusive treatment, the husband petitioned for revocation of the decree, alleging that cause therefor no longer existed and that he had indicated a desire in good faith to resume marital relations, the judge was in error in ruling that such decree could not be revoked except by consent of the wife and, it appearing that the parties were not reconciled and were not living together, in dismissing the petition without affording the husband an opportunity to present evidence in support of it.

PETITION filed in the Probate Court for the county of Middlesex on March 23, 1964.

The case was heard by *Leggat, J.*

*Louis Karp*, for the petitioner, submitted a brief.

No argument or brief for the respondent.

WILKINS, C.J.    This is an appeal by a husband from a decree of the Probate Court, Middlesex County, which dismissed his petition to revoke a decree of separate support. The petition alleged that there no longer exists any cause for separation; that he has indicated that he desires in good faith to resume marital relations; and that his wife is no longer living apart for justifiable cause. The case was heard on statements of counsel, and was dismissed because it was agreed by counsel that the parties were not living together and were not reconciled. The judge ruled that a

decree for living apart for justifiable cause, namely, cruel and abusive treatment, cannot be revoked except by mutual agreement of the parties. The husband argues that he should have been allowed to present evidence in support of the allegations of his petition.

The decree of separate support we assume to have been entered pursuant to G. L. c. 209, § 32. ''The power conferred by . . . § 32 on a probate court entering a decree for the separate support of a wife to 'make further orders relative to the support of the wife and . . . from time to time . . . [to] revise and alter such order or make a new order or decree' extends to the termination of the decree on an adequate ground arising after such decree was entered.'' *Rosa* v. *Rosa,* 296 Mass. 271, 272. Proceedings for separate support ''are designed to secure the temporary support of a wife . . . while the marriage relation exists and the cause for separation continues. A decree under the statute does not create a judicial separation, nor establish a permanent status for the future.'' *Doole* v. *Doole,* 144 Mass. 278, 279–280. Such a decree ''does not authorize the wife to live permanently apart from her husband, nor establish a relation which she has a right to maintain until she consents to change it; if her husband removes the cause of the separation, it would be her duty to return to him, and it would be the duty of the court to revoke its decree.'' *Barney* v. *Tourtellotte,* 138 Mass. 106, 109. The case of *Gifford,* v. *Gifford,* 244 Mass. 302, was similar to the present except that, as shown in the original papers, the cause of living apart was desertion. It was held to be error to exclude testimony by the husband that he had offered his wife a home according to his means.

In *Slavinsky* v. *Slavinsky,* 287 Mass. 28, there was a libel for divorce on the ground of desertion brought by the husband against a wife who had obtained a decree that she was living apart for justifiable cause. In denying the divorce, the court stated through Chief Justice Rugg: ''There is no finding as to what was the justifiable cause on which the decree . . . was founded. . . . There is no finding that the

conditions on which that decree was based had ceased to exist or did not continue to be operative. We cannot know whether that decree was based on cruel and abusive treatment or on neglect to provide a home for the wife and child, or on both. If it was in truth granted on the ground of cruel and abusive treatment, manifestly the offer of the husband to furnish a home and live with his wife would be unavailing regardless of his 'good faith' without proof that the wife, if she accepted his offer, would be free from reasonable apprehension for her bodily safety and was otherwise required to accept the offer'' (p. 33).

While there undoubtedly is a heavy, and possibly insuperable, burden on the husband in the case at bar, he seems to have been prevented entirely from trying to satisfy that burden. On our decisions there is no exception denying the right to a hearing on a petition to revoke a decree in cases where the ground of living apart was cruel and abusive treatment. It was error to dismiss the petition.

*Decree reversed.*