Mary FRAZIER, Appellant,

v.

William Harold FRAZIER, Appellee.

No. 4392.

Court of Civil Appeals of Texas.

Waco.

Oct. 14, 1965.

Rehearing Denied Nov. 4, 1965.

Plaintiff William H. Frazier, on *April 29, 1964*, brought suit against defendant Mary Frazier for divorce and division of property in the Court of Domestic Relations of Nueces County. Defendant filed answer and cross action. Defendant Mary Frazier had previously, on *April 1, 1964*, filed a separate maintenance suit against plaintiff in Colorado (where the parties had previously lived and where the parties owned community real and personal property). On *September 11, 1964* the Colorado court entered judgment for defendant Mary Frazier for separate maintenance and awarded all of the community property in Colorado to her. Defendant, on October 1, 1964, alleged the Colorado judgment in motion to dissolve temporary restraining order; and on October 16, 1964 plead such judgment and gave notice that such decree would be introduced into evidence. The Colorado decree awarding defendant (Mary Frazier) the Colorado property was introduced into evidence without objection.

The trial court, on *January 8, 1965*, granted plaintiff a divorce; awarded defendant the children; adjudged $100 child support payments against plaintiff; found that plaintiff and defendant owned property in Colorado and Texas of the value of $91,950; and proceeded to award the Colorado properties to defendant; the Texas properties to plaintiff; and (supposedly to equalize a difference in the values of such properties), decreed a money judgment for plaintiff against defendant for $20,775.

Defendant appeals from the property division portion of the judgment on 6 points, contending that the trial court erred in failing to give full faith and credit to the prior Colorado judgment concerning the same parties and property; and that the trial court erred in assuming jurisdiction over the real properties situated in Colorado.

The record reflects that defendant plead and introduced in evidence the prior Colorado decree which adjudicated to her the

Charles R. Cunningham, Corpus Christi, for appellant.

Sorrell, Anderson, Porter & Stone, Corpus Christi, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendant Mary Frazier from the property division portion of a divorce judgment.

community real estate situated in Colorado. Nevertheless the trial court adjudicated such property as community property.

Article IV, Sec. 1 of the United States Constitution provides:

> "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

See: James v. James, 81 Tex. 373, 16 S. W. 1087; Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946; Rumph v. Rumph, 150 Tex. 475, 242 S.W.2d 416; 28 U.S.C. § 1738.

The trial court adjudicated as community property the property situated in Colorado, which had by the prior Colorado judgment been adjudicated to defendant as her separate property. The trial court thus did not give full faith and credit to the Colorado judgment.

But plaintiff says that since defendant had not lived in Colorado for 1 year prior to filing the Colorado suit, the Colorado court was without jurisdiction and that such judgment may be collaterally attacked by showing the Colorado court had no jurisdiction, (as in Callicoatte v. Callicoatte, (n. r. e.), Tex.Civ.App., 324 S.W.2d 81). This contention is without merit. To file a separate maintenance suit in Colorado, the defendant must have lived in Colorado for one year next prior to commencement of suit *"except where the ground of adultery or extreme cruelty and such offense is committed in Colorado."* Defendant's Colorado suit was grounded on extreme cruelty committed in Colorado. The Colorado court had jurisdiction. (Colorado Statute 46–1–3).

Plaintiff further contends that the trial court did not have to give full faith and credit to the Colorado judgment because Colorado separate maintenance suits are not a final adjudication where a divorce decree is later entered. Colorado Statute 46–2–4 provides that "in a proper case," in separate maintenance suits the court may determine property rights or decree a division of property. Vines v. Vines, 137 Colo. 449, 326 P.2d 662, 74 A.L.R.2d 307. Since no appeal was taken from the Colorado decree by plaintiff, such decree is conclusive that "a proper case" existed to decree a division of property in such proceeding.

Defendant's contentions are sustained and the judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.